## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

James L. Cook

September 15, 1988

Case No. (Criminal) 51650

### By JUDGE RICHARD J. JAMBORSKY

This case raises the issue, what is the effect of the Commonwealth's failure to obtain an independent blood analysis despite the request of the accused in a DWI case? (*See*, Virginia Code § 18.2-268).

The Court, over defense counsel's objection, received the Commonwealth's blood test results and then denied defense counsel's Motion to Strike. After careful consideration, the Court concludes that this was error. The Commonwealth's results should have been excluded and the Motion to Strike granted.

According to Virginia Code § 18.2-268, portions of the blood sample withdrawn from the accused shall be placed in each of two vials. One vial is sent to DMV for testing. At the election of the accused, the second vial is sent to an approved laboratory for independent analysis. All procedures for transmittal, testing, and admission of the result at trial shall be the same for each sample.

In this case, one vial was scheduled to be sent to the laboratory of defendant's choice in Richmond, but the testing was never done. Defendant moved to dismiss the case because the potentially exculpatory evidence now is unavailable.

There is little case law interpreting Virginia Code Section 18.2-268. In a recent case involving § 18.2-267

(preliminary breath test), the Virginia Court of Appeals concluded that an officer's total disregard of the statutory mandate to inform the defendant of his right to refuse the test and other rights did not render the arrest invalid or make later blood tests inadmissible. In *Wohlford v. Commonwealth*, 3 Va. App. 467 (1986), the Court reasoned that the lack of specific sanctions for failure to comply with the statute, the availability of subsequent chemical analyses, and the inadmissibility of the preliminary test results supported the legality of the arrest.

Although Virginia Code § 18.2-268 also does not prescribe specific sanctions for non-compliance, the present case is distinguishable from *Wohlford* in that the test result here would have been admissible and could have been exculpatory evidence.

It is unfair to consider the Commonwealth's evidence alone. The defendant's non-access to a statutorily mandated protection probably amounts to prejudice sufficient to merit dismissal of the case. *See*, *People v. Underwood*, 153 Mich. App. 598, 396 N.W.2d 443 (1986) (per curiam) (dismissing case where defendant was deprived of opportunity to obtain exculpatory evidence by an independent test when officer dissuaded him from taking such test).

Because the treatment of the separate vials and tests is identical under the statute, it is both equitable and rational that exclusion of one test result would merit exclusion of the other.

This case is dismissed.