## CIRCUIT COURT OF LANCASTER COUNTY

Commonwealth of Virginia

v.

Metcalf

August 1, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

We have here two warrants charging defendant with driving while intoxicated and reckless driving. At the conclusion of all the evidence, the defendant moved to strike the Commonwealth's evidence in the drunk driving case because it showed the defendant's blood sample, taken pursuant to Virginia Code Section 18.2-268, was returned by the U. S. Postal Service to the court untested, for reasons unknown. This motion we now have under consideration.

Following defendant's arrest, and in compliance with the requirements of Virginia Code § 18.2-268(F) and (G), blood samples were withdrawn and placed in two vials. The officer mailed one sample to the Division of Consolidated Laboratory Services and mailed the second container to an approved laboratory selected by defendant from a list provided by the arresting officer. The Commonwealth's sample was analyzed and returned to the clerk of the district court, with a certificate indicating a presumption of intoxication.

The defendant's sample was returned to the court, unsealed and untested, without explanation.

Evidence, other than the result of the Commonwealth's blood sample analysis, is not sufficient in this case for conviction of driving while intoxicated. At issue, therefore, is whether the Commonwealth's sample should

be admitted in evidence when the defendant's sample was not analyzed through no fault of his own.

*Wendel v. Commonwealth*, --- Va. App. --- (1991), decided by the Court of Appeals on July 16, 1991, has been cited. While not precisely on point, this case is instructive. In *Wendel*, the Commonwealth's sample was simply not accounted for. Upon request by defendant for the results of the Commonwealth's analysis, it could not be produced. The Court of Appeals held that the failure of the Commonwealth to produce its sample, without explanation, was not "substantial compliance" required by paragraph Z of § 18.2-268. In the case at hand, notwithstanding that the taking, handling, and mailing of the samples substantially complied with the statute, the defendant is nonetheless without the results of the analysis of his sample.

The procedures established for the transmittal, testing and admission of the result of the defendant's sample shall be the same as for the Commonwealth's sample. *See* § 18.2-268(H). Upon request, the results of the test of the blood sample shall be made available to the defendant. *See* § 18.2-268(M). "When the word *shall* appears in a statute, it is generally used in an imperative or mandatory sense." *Wendel, id.* Further, in *Wendel*, the Court noted a number of procedural safeguards for those accused of driving under the influence, one of which requires the Commonwealth to take two blood samples and to allow the accused to obtain his separate blood analysis, so that the results can be compared with the results of the Commonwealth and so that any discrepancies can be considered by the trier of fact. Metcalf has been denied this safeguard.

This is more than a procedural matter. By law, Metcalf impliedly consented to a blood or breath test. He was required to choose. He chose. The statute explicitly sets forth how that choice is to be implemented. It requires two blood samples to be taken. It details how each is to be handled. The officer, not the defendant, is responsible for mailing the defendant's sample. After all of these steps have been accomplished, it is a matter of substance, not procedure, that the defendant's analysis is not available to him.

A defendant deprived of a right which the law gives him, in this context at least, is denied due process. The Commonwealth argues that the defendant is not prejudiced, but this cannot be known without the analysis.

Metcalf is entitled to all the safeguards the statute provides him. The fact that he has been denied the opportunity to present an analysis of his own blood sample, under the circumstances here, is a deprivation of a substantive right. In my view, it would be unfair to admit the Commonwealth's analysis when defendant has been denied his analysis. Therefore, the motion to strike the Commonwealth's evidence is granted and the driving while intoxicated charge will be dismissed.

Defendant is found guilty of the reckless driving charge. A fine of $100 and costs is hereby imposed.