## CIRCUIT COURT OF LANCASTER COUNTY

Commonwealth of Virginia

v.

John Boyd Gray

September 18, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

Following Mr. Gray's arrest for driving under the influence, he was informed by the arresting officer of Virginia's implied consent law. He elected to have a sample of his blood taken for analysis. After the samples were taken and pursuant to Virginia Code § 18.2-268(G), the officer gave Gray a form which contained a list of "approved" laboratories to which defendant could direct his sample be sent for analysis. The form provided by the officer was out of date, and the laboratory selected by Gray was no longer on the current list of approved laboratories. Gray's sample was mailed by the officer to the non-approved laboratory and was returned to the court unopened and untested.

At trial, Gray objected to the admission of the Commonwealth's certificate of analysis of defendant's blood, contending that because Gray's analysis was not available, the implied consent law had not been substantially complied with. We agreed and ruled the Commonwealth's analysis was not admissible. The arresting officer here failed to give Gray a current form listing the approved laboratories, as *required* by § 18.2-268(G). As a consequence, the defendant was denied the results of his test as *required* by § 18.2-268(M). These provisions are mandatory. See *Wendel v. Commonwealth*, 12 Va. App. 958, 407 S.E.2d 690 (1991). Therefore, we concluded at trial that there had not been substantial compliance with Code § 18.2-268(G)

and ruled that the Commonwealth's test results should not be admitted.

At issue now is whether the unavailability of Gray's analysis requires dismissal of the charge against him.

The Commonwealth argues that it does not and points to § 18.2-268(Z) which provides that failure to comply with one or more of the steps set forth in the implied consent law does not require a finding of not guilty but shall be a factor to be considered with *all* the evidence in the case. Moreover, § 18.2-268(O) implies that test results are not necessary for conviction.

In *Wendel*, the Court of Appeals held:

> Since the test results are "but auxiliary proof" and are not a necessary prerequisite to a conviction, a prosecution should not fail merely because the accused makes a formal request for the results and they are either unavailable or inadmissible. When, however, a sample has been taken for testing, the Commonwealth is required to adhere to those statutory procedures designed to yield test results. In the absence of proof explaining that no results were obtained, trial courts must presume that test results were obtained and can be made available. We hold, therefore, that when the accused requests the Commonwealth's results and the Commonwealth does not possess and/or cannot produce the results, the Commonwealth must explain the absence of test results.

In *Wendel*, the Court found that the Commonwealth did not explain the absence of the test results, and for this apparent reason, the charge was dismissed. Here, the absence of the test results is explained. I have concluded that because the officer's error in effect denied Gray the test results of his sample, it would be unfair under these circumstances to admit the results of the Commonwealth's sample.

However, this should not preclude consideration of other relevant evidence.

In *Brooks v. City of Newport News*, 224 Va. 311 (1982), the Supreme court found that a breath analysis had been erroneously admitted when there had not been substantial

compliance with the statute. Nevertheless, the Supreme court ruled here that, notwithstanding an absence of substantial compliance rendering the analysis inadmissible, "the statutory mandate is that the guilt or innocence of the accused be determined from all the evidence of his condition at the time of the alleged offense, with or without a [breath] analysis . . . . The result of the breath analysis is but auxiliary proof which may tend to corroborate evidence of the objective symptoms . . . ."

I interpret *Brooks* to permit a consideration of other relevant evidence even though the blood analysis certificate is inadmissible. The officer's description of Gray's demeanor at the time of his arrest clearly establishes that Gray was under the influence at the time. There being no room for reasonable doubt about Gray's actual condition at the time of his arrest and the Commonwealth having presented a certified copy of a prior conviction in 1989, we find the defendant guilty of driving under the influence, it being a second offense within five years.

Sentencing is scheduled for October 25th, as agreed.