## CIRCUIT COURT OF GREENE COUNTY

Commonwealth of Virginia

v.

James Leslie Barnes

February 17, 1993

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the court on the Defendant's Motion to Suppress the results of a blood test conducted by the Commonwealth pursuant to Va. Code § 18.2–268.1 *et seq.* The Defendant, James Leslie Barnes, was arrested on May 22, 1992, and charged with driving under the influence of alcohol in violation of Va. Code § 18.2–266. As required by Va. Code § 18.2–268.2(B), Mr. Barnes was given the opportunity to elect either a breath or blood sample and chose to submit a blood sample for analysis. The blood sample was withdrawn and placed in two separate containers. One sample was sent to the Commonwealth's laboratory, while the other was sent to an approved independent laboratory chosen by Mr. Barnes. The independent test was conducted on June 26, 1992.

Pursuant to Va. Code § 18.2–268.7, Mr. Barnes has requested that the Commonwealth provide him with the test results from the independent laboratory. The test report, issued on June 29, 1992, indicated that no conclusive results were available from Mr. Barnes's test because the blood specimen was "unsatisfactory for testing." No further explanation can be found on the face of the lab report itself, although it appears that some deterioration in the quality of the blood sample took place in the month following Mr. Barnes's arrest, making testing impossible.

Because the results of the independent blood test cannot now be made available to him, Mr. Barnes contends that the Commonwealth's

blood test is inadmissible. In addition, he maintains that the charges against him should be dismissed entirely, on the grounds that he has been denied his Due Process right to present potentially exculpatory evidence.

Although these specific issues do not yet appear to have been addressed by the Court of Appeals, the case most nearly on point is *Wendel v. Commonwealth*, 12 Va. App. 958 (1991). In that case, the problem was not the defendant's independent blood test, but rather the Commonwealth's own analysis. It seems that the Commonwealth not only failed to produce the results of its blood test when requested by the defendant but was unable to provide any explanation as to why those results were lacking. In fact, the Commonwealth stipulated that the location of the blood sample could not be accounted for and that it would not be able to produce evidence that it substantially complied with the statutory procedures mandated in Va. Code § 18.2–268.1 et seq.

As a result, the Court of Appeals dismissed the case against Wendel, holding that when a defendant asks for the results of a blood test and the Commonwealth is unable to produce those results, it must explain the absence. *Id.* at 964. The court noted that when a defendant's blood sample has been taken, the Commonwealth must follow the statutory requirements for testing established in Va. Code § 18.2–268.7. Those requirements serve as safeguards for the benefit of the defendant, and a failure to follow them deprives the defendant of a substantive right. The failure of the Commonwealth to demonstrate substantial compliance with the statutory procedures therefore required that the charges against the defendant be dismissed.

## Suppression

While *Wendel* is not directly applicable to the case at bar, the reasoning adopted by the court is useful in an analysis of the issues raised by Mr. Barnes. The first point to be addressed is the admissability of the Commonwealth's blood test results when the defendant's test results are unavailable. Several circuit courts have already had an opportunity to rule on this matter, and all appear to agree that the Commonwealth's results may not be entered into evidence under those circumstances.

In *Commonwealth v. Metcalf*, 24 Va. Cir. 347 (1991), for example, Judge Spruill held that when one of the defendant's blood samples is

returned untested, through no fault of his own, the other sample cannot be received into evidence. The facts of the case are similar to those in the case at bar. The defendant was charged with driving under the influence and chose to submit to a blood test. The Commonwealth's sample was analyzed, and the results indicated a blood alcohol level sufficient to create a presumption of intoxication. The defendant's sample, on the other hand, was returned to the Commonwealth, unsealed and untested, without any explanation for why the test was not performed. The court found that the Code gave Metcalf the right to have his blood examined by an independent laboratory and that the inability to analyze his own blood sample deprived him of a substantive right. Under those circumstances, the court held that it would be unfair to admit the Commonwealth's analysis when the defendant was denied a similar opportunity.

Judge Spruill also reached a similar result in *Commonwealth v. Gray*, 25 Va. Cir. 177 (1991), a case in which the police presented the defendant with a faulty list of approved laboratories. As a result of that error, the defendant chose an independent laboratory that was no longer on the approved list and was consequently deprived of the opportunity to have his own analysis conducted. The court found that the Commonwealth was *required* to provide Gray with a list of approved laboratories, and that its failure to do so denied him the benefits provided by the Code. As in *Metcalf*, the court held that, under the circumstances, it would be unfair to admit the results of the Commonwealth's blood test.

In *Commonwealth v. Cook*, 18 Va. Cir. 45 (1988), Judge Jamborsky considered a case involving the same facts and likewise held that the results of the Commonwealth's blood test would be inadmissible if the independent blood analysis were not performed according to the defendant's request. In this case, the court noted that the guidelines for the treatment of the defendant's vial and test was identical under the Code to the treatment required for the Commonwealth's test. Since the two tests were to be treated identically, the court reasoned that it would be "both equitable and rational" to exclude the Commonwealth's blood test when the results of the defendant's test were unavailable.

This court finds the above reasoning to be persuasive in the case at bar. Virginia Code § 18.2–268.7 states that "upon request of the person whose blood or breath was analyzed, the test results *shall* be made available to him" (emphasis added). When the word "shall" appears in

a statute, it is typically used in "an imperative or mandatory sense." *Wendel*, 12 Va. App. at 963. Thus, the requirements of § 18.2–268.7 must be considered mandatory. It is clear, however, that the results of Mr. Barnes's blood test were not made available to him upon his request, as required by the Code. Rather, Mr. Barnes has been denied the benefits guaranteed to him by statute, and it would be unfair to admit the results of the Commonwealth's blood test under the circumstances. Therefore, Mr. Barnes's Motion to Suppress must be granted.

### Dismissal

A more difficult question is presented by Mr. Barnes's motion to dismiss the charges against him. In *Wendel*, the Court of Appeals held that the Commonwealth's failure to provide the defendant with the results of its own blood test, the charges against the defendant had to be dismissed. This result is clearly not required in every case, however, since "a prosecution should not fail merely because the accused makes a formal request for the results and they are either unavailable or inadmissible." *Wendel*, 12 Va. App. at 964. On the contrary, test results are but "auxiliary proof" of intoxication, and the code requires that the guilt or innocence of the accused be determined "from all the evidence of his condition at the time of the alleged offense." *Brooks v. City of Newport News*, 224 Va. 311, 315–16 (1982). Under *Wendel*, however, the Commonwealth will still be required to explain the absence of test results and must demonstrate "substantial compliance" as required by Va. Code § 18.2–268.11. Failure to do so will, under the reasoning of *Wendel*, require a dismissal of the charges against a defendant.

In *Wendel*, the absence of the requested test results compelled dismissal only because the Commonwealth had already stipulated that it would be unable to demonstrate "substantial compliance" as required under the Code. In fact, the court indicated that, if the Commonwealth had not been foreclosed from offering proof to the contrary on that issue, it would have been appropriate to remand the case to "provide the Commonwealth with an opportunity to explain its failure to comply with [the] Code." *Wendel*, 12 Va. App. at 964–65. The Court of Appeals has held that the Commonwealth's inability to meet all the statutory guidelines surrounding the taking and testing of blood samples does not always require a dismissal. *See e.g., Williams v. Commonwealth*, 10 Va. App. 636 (1990) (reverse and remand for error in ad-

mitting certificate of analysis despite lack of proper seal on vial containing the blood sample). If the Commonwealth's failure to provide the defendant with the results of a blood test were the sole requirement for dismissal, the *Wendel* requirement that the Commonwealth explain itself would be rendered completely superfluous. Consequently, the mere lack of blood test results cannot be enough, standing alone, to warrant a dismissal.

This is the result reached by Judge Spruill in both *Gray* and *Metcalf* as well. In *Gray*, the court relied on *Brooks* in holding that, even though the results of the Commonwealth's blood test may be rendered inadmissible when the defendant is denied his statutory right to an independent blood test, the defendant may nevertheless be convicted upon other evidence. 25 Va. Cir. at 179. In *Metcalf*, the court actually dismissed the charges in addition to striking the Commonwealth's blood test analysis, but it did so only because the other evidence presented against the defendant was insufficient to support a conviction. 24 Va. Cir. at 347.

### Potentially Exculpatory Evidence

On the other hand, in *Cook*, the court held that the denial of the defendant's access to a "statutorily mandated protection probably amounts to prejudice sufficient to merit dismissal of the case." 18 Va. Cir. at 46. In reaching this conclusion, the court relied exclusively on a Michigan case, *People v. Underwood*, 396 N.W.2d 443 (1986), in which the Michigan court dismissed the charges against a defendant who was deprived of an opportunity to obtain exculpatory evidence by an independent test when the officers discouraged him from taking the test.

The Virginia Court of Appeals showed a similar concern with the defendant's opportunity to obtain exculpatory evidence in *Breeden v. Commonwealth*, 15 Va. App. 148, 421 S.E.2d 674 (1992). The issue in *Breeden* centered around the testing options made available to the defendant at the time of his arrest. The police officers informed the defendant that he would be required to take a breath test because they had been told that there were no qualified personnel at the hospital who could administer the blood test at that particular time. The officers did not check the situation for themselves, however, and the court therefore found that the Commonwealth had failed to establish that the blood test requested by the defendant was unavailable. Since the Code

grants the defendant the privilege of choosing which test he will take, the court held that the Commonwealth cannot deny the defendant that privilege without an adequate explanation and dismissed the charges.

These issues are not implicated in the case now before the court, however. In this case, the Commonwealth provided Mr. Barnes with the test of his own choosing. The samples were sent to the proper locations. The Commonwealth's own test was completed in compliance with the Code. The problem arose with the defendant's independent blood sample alone.

Based on the evidence now before the court, it is unclear whether the problem with the defendant's blood sample arose due to some error on the part of the Commonwealth. The Commonwealth bears the burden of showing that it met the "substantial compliance" requirement of Va. Code § 18.2–268.11. If it fails to meet that burden, the charges against Mr. Barnes must be dismissed. However, there is no concern, as there was in *Underwood* or *Breeden*, that the Commonwealth has somehow interfered with the defendant's freedom to take the test of his own choice.

To be sure, Mr. Barnes has been denied access to test results to which the Code says he is entitled. As a result of that denial, the Commonwealth will be barred from introducing its blood test results. However, under *Wendel* and *Brooks*, this charges against Mr. Barnes may not be dismissed on this basis alone. The Commonwealth must be given an opportunity to prove whether it substantially complied with the statutory procedures. If the Commonwealth is able to meet this burden, Va. Code § 18.2–268.11 directs this court to consider all of the evidence in the case. If it cannot make a sufficient showing of compliance, the holding of *Wendel* directs this court to dismiss the charges. Accordingly, the Defendant's Motion to Dismiss is, for the time being, denied.