**Richmond**

CHARLES T. WENDEL, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0252-90-2

Decided July 16, 1991

960

COUNSEL

Barry W. Norwood, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Following a bench trial in the Circuit Court of the City of Richmond, Charles T. Wendel, Jr. was found guilty of driving while intoxicated in violation of Code § 18.2-266. When arrested, Wendel was informed of Virginia's implied consent law. He elected to have a sample of his blood taken for analysis. At some point before trial, Wendel requested the Commonwealth's result of his blood analysis pursuant to Code § 18.2-268(M), which provides:

> Upon the request of the person whose blood or breath or both blood and breath sample was taken for chemical tests to determine the alcohol or drug or both alcohol and drug content of his blood, the results of such test or tests shall be made available to him.

At the time of trial, the Commonwealth had not provided Wendel with the results of his blood test. The Commonwealth stipulated that it never received the results from the state forensic laboratory performing the analysis and that it was unable to account for the location of the actual blood sample. The trial court proceeded to try Wendel without requiring that the results of the blood test be made available. The court based its ruling on the grounds that the Commonwealth had substantially complied with the provisions of Code § 18.2-268(M), as required by Code § 18.2-268(Z) and, therefore, since the results were "unavailable," the Commonwealth was not required to furnish the results to Wendel. We find that the Commonwealth did not establish that the results were "unavailable." We hold that Wendel was

entitled to have the results of the blood test made available to him, because, on these facts, Code § 18.2-268(Z) was not applicable and did not relieve the Commonwealth of its obligation to provide Wendel with the test results. Accordingly, we reverse his conviction and, in light of the Commonwealth's stipulation that it cannot comply with Wendel's request, dismiss the case against him.

Code § 18.2-268, Virginia's implied consent law, serves several purposes: it sets forth the requirement that one using the highways in Virginia charged with operating a motor vehicle while under the influence of drugs or intoxicants consents to provide a blood or breath sample to test for alcohol or drug content in the blood or breath; it defines the procedures, rules, and requirements concerning the Commonwealth's use of blood and breath analyses for alcohol and drug content; it defines the legal implications of a refusal to submit to a test for one arrested on a violation of Code § 18.2-266 or a similar local ordinance of a county, city, or town; and it establishes procedural safeguards for those accused of violating state law or local ordinances. One safeguard is set forth in Code § 18.2-268(B), which requires that an accused be arrested within two hours of the alleged offense in order for the test results to be admissible at trial. *See Overbee v. Commonwealth*, 227 Va. 238, 242, 315 S.E.2d 242, 244 (1984). Code § 18.2-268(F) explains who may take a blood sample and how it may be taken. Another safeguard is provided in Code §§ 18.2-268(G) through (I), which require the Commonwealth to take two blood samples and allow the accused to obtain his separate blood analysis, so that the results can be compared with the results of the Commonwealth and so that any discrepancies can be considered by the trier of fact.[1] Code § 18.2-268(M) provides a safeguard which allows the person whose blood has been analyzed to obtain the Commonwealth's results in order to prepare an adequate defense at trial and, where deemed necessary or advisable, to obtain the presence of those conducting the test in order to challenge its results.

---

[1] Wendel, in fact, took advantage of this safeguard and, throughout the proceedings, had his own blood sample and test results. The Commonwealth conceded that because its own results were unavailable, Wendel's results could not be used to incriminate him. *See* Code § 18.2-268(H).

▮▮▮ After setting forth those procedural safeguards for taking, handling, identifying, and disposing of the sample, Code § 18.2-268(Z) provides, in effect, that "substantial compliance" with the steps "relating to the taking, handling, identification, and disposition" of blood and breath *samples* is all that is required.[2] *See, e.g., Shumate v. Commonwealth*, 207 Va. 877, 883, 153 S.E.2d 243, 247 (1967). Code § 18.2-268(Z) further provides that failure to comply with any of the procedural steps in taking, handling, identifying and disposing of the blood or breath samples shall not of itself be grounds for finding an accused not guilty or, on that basis alone, for rejecting the test results. Significantly, however, Code § 18.2-268(Z) does not deal with or address the handling of *test results*, and it does not relieve the Commonwealth of its responsibility under Code § 18.2-268(M) to provide an accused with the test results when they have been requested.

▮▮ Code § 18.2-268(M) is mandatory. "When the word 'shall' appears in a statute it is generally used in an imperative or mandatory sense." *Schmidt v. City of Richmond*, 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965). The trial court's conclusion that showing substantial compliance with Code § 18.2-268(Z) is all that was required to fulfill the requirements of Code § 18.2-268(M) follows only when the unavailability of the test results is related to the taking, handling, identifying and disposing of the sample. In situations where the test results are available, or where they are unavailable for a reason other than the procedures outlined in Code § 18.2-268(Z), the trial court's interpretation and application of Code § 18.2-268(Z) would render Code § 18.2-268(M) meaningless.

However, the record does not show why the Commonwealth's attorney considered the results to be unavailable. The failure to provide the accused with the results may have occurred because

---

[2] Code § 18.2-268(Z) states:

The steps herein set forth relating to the taking, handling, identification, and disposition of blood or breath samples are procedural in nature and not substantive. Substantial compliance therewith shall be deemed to be sufficient. Failure to comply with any one or more of such steps or portions thereof, or a variance in the results of the two blood tests shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered as set forth above with all the evidence in the case, provided that the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedure or any part thereof, and that as a result his rights were prejudiced.

the laboratory failed to prepare a report of the results, mailed it to the wrong court, the mail service misdelivered or failed to deliver it, a clerk at the trial court misfiled the report, or any number of possibilities not associated with taking and handling the blood sample as contemplated by Code § 18.2-268(Z). All of these reasons are irrelevant to the procedures covered by Code § 18.2-268(Z). On this record, the trial court erred in concluding that Code § 18.2-268(Z) controlled Code § 18.2-268(M) where there has been no proof or proffer of evidence that the reason the results were unavailable is related to the procedures circumscribed by Code § 18.2-268(Z).

The Commonwealth correctly posits that failure to preserve the blood sample taken after the arrest of the accused does not require the dismissal of the charges against him. This is plainly stated in Code § 18.2-268(Z). The Commonwealth also points to pertinent language in Code § 18.2-268(O), which implies that the results of tests are not necessary to convict one charged with driving while intoxicated:

> In any trial for a violation of § 18.2-266 or of a similar ordinance of any county, city or town, this section shall not otherwise limit the introduction of any relevant evidence bearing upon any question at issue before the court, and the court shall, regardless of the result of the blood or breath test or tests, *if any*, consider such other relevant evidence. . . .

(emphasis added); *see also Shumate*, 207 Va. at 883, 153 S.E.2d at 247; *United States v. Fletcher*, 344 F. Supp. 332, 337 (E.D. Va. 1972) (discussing former equivalent Code § 18.1-55.1(i)). Indeed, in *Brooks v. City of Newport News*, 224 Va. 311, 295 S.E.2d 801 (1982), our Supreme Court stated: "The statutory mandate is that the guilt or innocence of the accused be determined from all the evidence of his condition at the time of the alleged offense, *with or without a breath analysis. . . . The result of a breath analysis is but auxiliary proof. . . ." Id.* at 315-16, 295 S.E.2d at 804 (emphasis added).[3]

---

[3] This reasoning is not dispositive of the situation in our case. In *Brooks*, test results had been obtained, and the fact that they were deemed inadmissible did not preclude a prosecution and conviction based on the other evidence of guilt. That is the clear meaning of Code § 18.2-268(O). The holding in *Brooks* also did not involve the requirements of Code § 18.2-268(M).

■ However, here we have more than failure to preserve the sample and more than a lack of test results. Here, we have a case where a sample was taken and, if the statutory requirements had been followed, test results would have been obtained. Without explanation, no results were made available to the accused at trial. In order to give full force and effect to Paragraphs (M), (O) and (Z) of Code § 18.2-268, we do not hold that charges must be dismissed every time the Commonwealth fails to make the results available under Code § 18.2-268(M). Since the test results are "but auxiliary proof" and are not a necessary prerequisite to a conviction, a prosecution should not fail merely because the accused makes a formal request for the results and they are either unavailable or inadmissible. When, however, a sample has been taken for testing, the Commonwealth is required to adhere to those statutory procedures designed to yield test results. In the absence of proof explaining that no results were obtained, trial courts must presume that test results were obtained and can be made available. We hold, therefore, that when the accused requests the Commonwealth's results, and the Commonwealth does not possess and/or cannot produce the results, the Commonwealth must explain the absence of test results.

The only evidence presented at Wendel's trial was the testimony of his arresting officer, who described Wendel's demeanor, the circumstances leading to his arrest, and his transportation to a local hospital where blood was drawn. The Commonwealth confirmed that it did not comply with Wendel's request for the test results. When given the opportunity to account for the lack of test results, the Commonwealth simply stipulated, without producing any evidence, that it could not provide the results of Wendel's blood test because, for some unknown reason, they were never received. The Commonwealth further stipulated that the location of the blood sample could not be accounted for. It produced no evidence that it substantially complied with the procedures for the handling of the blood sample. The basis for the trial court's ruling that the Commonwealth had substantially complied with Code § 18.2-268(Z) is, therefore, unclear.

In light of the Commonwealth's stipulation that it is unable to comply with Wendel's request for the results of the blood test or to offer proof of substantial compliance with the handling requirements, the Commonwealth is foreclosed from offering proof to the

contrary on that factual issue on remand. *See Lee v. Commonwealth*, 219 Va. 1108, 254 S.E.2d 126 (1979). Accordingly, a remand of the case to provide the Commonwealth with an opportunity to explain its failure to comply with Code § 18.2-268(M) and the applicability of Code § 18.2-268(Z) has been foreclosed by facts stipulated in the prior proceeding. Therefore, because the Commonwealth failed to provide Wendel with the test results, the charges against him must be dismissed.

*Reversed and dismissed.*

Baker, J., and Benton, J., concurred.