## Richmond

BRENDA BREEDEN

v.

COMMONWEALTH OF VIRGINIA

No. 0480-91-2

Decided September 29, 1992

COUNSEL

W.W. Whitlock, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Brenda Breeden, appellant, appeals from her conviction of driving under the influence of alcohol in violation of Code § 18.2-266(ii). She contends that she should not have been convicted of the charge because the Commonwealth denied her the right to a blood test without showing that a blood test was unavailable. We find that her right to a blood test was denied when she was refused such a test without a showing that it was unavailable. As a result, we hold that the charge of driving while under the influence of alcohol should have been dismissed because the denial of her right to a blood test deprived her of an opportunity to prove her innocence.

After being stopped by a police officer for failing to obey a stop sign, appellant was arrested for driving while under the influence of alcohol. On being advised of the implied consent law, appellant requested a blood test. Officer Kesner informed appellant that no such test was available. She then requested a blood test from the University of Virginia Hospital, but Kesner responded that no one was available at the hospital to administer the test. Kesner informed her that, because a blood test was not possible, she would have to submit to a breath test. She agreed to do so, and a test was administered.

Neither Kesner nor anyone else checked with the University of Virginia Hospital to determine whether such a test could, in fact, be administered. The trial court sustained an objection to the admission of the breath test results by appellant's counsel on the ground that the Commonwealth had failed to substantiate why a blood test had not been available. However, the trial court denied her motion to strike the Commonwealth's evidence on the ground that she was denied the

right to a blood test and also denied her motion to dismiss the charges against her.

■ In Virginia, by the very act of driving, a driver has already consented to *both* a blood test and a breath test. Code § 18.2-268(B). If properly confronted, all drivers must submit to a blood test or a breath test. *Id.*

■ Anyone arrested for driving under the influence of alcohol may "elect to have either the blood or breath sample taken, but not both." Code § 18.2-268(C). The driver arrested for operating a motor vehicle under the influence of alcohol has a statutory right to choose one of the two tests if he or she was required to take a test pursuant to the implied consent of Code § 18.2-268(B). "If either the blood test or the breath test is not available, then the available test shall be taken." Code § 18.2-268(C). Moreover, "it shall not be a matter of defense if the blood test or the breath test is not available." *Id.*

■ A driver cannot be convicted of unreasonably refusing to take a blood or breath test "without an adequate explanation from the government as to why one of the tests was unavailable." *Driver v. Commonwealth*, 6 Va. App. 583, 585, 371 S.E.2d 27, 28 (1988). While the charge in this case is driving under the influence as opposed to a refusal to submit to blood or breath testing, the same principle logically applies to a charge of driving under the influence. Once the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a right to receive the benefits of the test. Also, the Commonwealth must establish the reasons for the unavailability of one of the tests before denying a driver his or her test of choice. Failure to provide the requested test under these circumstances deprives the accused of a significant method of establishing his innocence. *Id.* at 587, 371 S.E.2d at 30. Mere suppression of the result of the test *not* requested, as was done in this case, does not cure the deprivation of the potential benefit of the requested test. When the legislature enacted Code § 18.2-268(C), it granted to the accused, not the Commonwealth, the option to take a blood or breath test. That election, whether based on the accused's perception of the reliability of these tests or their invasive nature, is one that this Court must honor.

The statement of facts in this case recounts the circumstances surrounding Officer Kesner's effort to ascertain whether the blood test was available.

The arresting Officer testified that he advised the defendant that a blood test was not available based on information he received from his acting sergeant. The Sergeant was called as a witness for the Commonwealth. He testified that he told the arresting Officer that he should check with the University of Virginia to determine whether they could give the blood test. The arresting Officer testified that he did not check with the University of Virginia Hospital to see whether the blood test was available, as the information he had received from the acting Sergeant was that the blood test was not available. Neither the acting Sergeant nor the arresting Officer knew of anyone who checked with anyone about the blood test being available since each thought the other had checked.

Based on these facts, we conclude that the Commonwealth failed to establish that the blood test requested by appellant was unavailable. Consequently, we are not called upon to address what constitutes a valid reason for the lack of availability of a test.

For the foregoing reasons, the judgment of the trial court is reversed and the case is dismissed.

*Reversed and dismissed.*

Baker, J., and Barrow, J., concurred.