**Richmond**

ROBERT H. KEMP, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0734-91-4

Decided May 11, 1993

COUNSEL

B. R. Hicks (Dorian J. Hughes, on briefs), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—On this appeal from a conviction of driving a motor vehicle while intoxicated in violation of Code § 18.2-266, Robert H. Kemp, Jr. contends that the trial judge erred in admitting the certificate of blood analysis. He argues that the certificate should not have been admitted because the Commonwealth (1) did not prove that the person who took the blood sample was qualified to do so, and (2) was unable to account for the second vial of blood or produce the independent analysis of Kemp's blood. Kemp also contends the evidence was insufficient to sustain a conviction for driving under the influence of intoxicants. We reverse the conviction and dismiss the prosecution.

## I.

Officer Suave testified that on November 22, 1990, at 3:30 a.m., he observed Kemp driving on Lorton Road in Fairfax County. The facts concerning the events of the stop are in dispute. Suave testified that he

had probable cause for arresting Kemp for driving while under the influence of alcohol or drugs. Kemp denied that he had used alcohol or drugs.

After arresting Kemp, Suave took Kemp to a police station, where a sample of Kemp's blood was taken for analysis as permitted by statute.[1] Suave testified that during the procedure, he "observed the technician use soap and water." The blood sample was put into two vials. Kemp requested that one vial be sent to an approved independent laboratory for an independent analysis pursuant to Code § 18.2-268(G).[2]

At trial, Suave testified that one vial of blood was taken to the Commonwealth's Division of Consolidated Laboratory Services for analysis, but he could not recall what disposition had been made of the second vial of blood. Kemp objected to the admission of the certificate of blood analysis that the Commonwealth tendered because the

---

[1] Code § 18.2-268 was repealed in 1992 and replaced by revised statutes renumbered Code §§ 18.2-268.1 through 18.2-268.12. Because this case is governed by the statutes in effect prior to 1992, all references in the opinion will be to the former statute.

Code § 18.2-268(D) read in relevant part:

A person, after being arrested for driving under the influence of any drug or combination of drugs or the combined influence of alcohol and any drug or drugs, may be required to submit to tests to determine the alcoholic or drug or both alcoholic and drug content of his blood.

[2] Before the revision, Code § 18.2-268(G) read:

Adequate portions of the blood samples so withdrawn shall be placed in vials provided by the Division [of Consolidated Laboratory Services] which vials shall be sealed and labeled by the person taking the sample or at his direction, showing on each the name of the accused, the name of the person taking the blood sample, and the date and time the blood sample was taken. . . . The arresting or accompanying officer shall take possession of the two containers holding the vials . . . and shall transport or mail one of the containers forthwith to the Division. The officer taking possession of the other container (hereinafter referred to as the second container) shall, immediately after taking possession of the second container, give to the accused a form provided by the Division which shall set forth the procedure to obtain an independent analysis of the blood in the second container, and a list of those laboratories approved by the Division and their addresses. Such form shall contain a space for the accused or his counsel to direct the officer possessing such second container to forward that container to such approved laboratory for analysis, if desired. The officer having the second container, after delivery of such form (unless at that time directed by the accused in writing on the form to forward the second container to an approved laboratory of the accused's choice, in which event the officer shall do so), shall deliver the second container to the chief police officer, or his duly authorized representative of the county, city or town in which the case will be heard.

Commonwealth did not produce the second vial of blood or a certificate of analysis of that blood by an independent laboratory. The trial judge overruled Kemp's objection and admitted the Commonwealth's certificate of blood analysis. The certificate noted that the blood alcohol content was 0.00 percent, by weight by volume. It also stated that the blood drug content indicated "Tetra-hydrocannabinol, 0.003 mg/L" and "THC Carboxylis Acid, 0.03 mg/L." No testimony or other evidence explained the relationship between the quantity of either substance and a person's condition or ability to drive a car or otherwise function.

In a motion to strike the evidence at the conclusion of the Commonwealth's case, Kemp again objected to the admission of the Commonwealth's certificate of analysis. In addition to stating that the Commonwealth failed to comply with the statute, Kemp argued that the Commonwealth's evidence did not prove that the person who drew the blood was qualified to do so under Code § 18.2-268(F). The trial judge overruled both objections and convicted Kemp.

## II.

The relevant part of Code § 18.2-268(Z) stated:

> The steps herein set forth relating to the taking, handling, identification, and disposition of blood or breath samples are procedural in nature and not substantive. Substantial compliance therewith shall be deemed to be sufficient.

In a factually similar case, *Wendel v. Commonwealth*, 12 Va. App. 958, 407 S.E.2d 690 (1991), "[t]he Commonwealth stipulated that it never received the results from the state forensic laboratory performing the analysis and that it was unable to account for the location of the actual blood sample." *Id.* at 960, 407 S.E.2d at 691. Thus, when Wendel requested the Commonwealth's results pursuant to Code § 18.2-268(M), the Commonwealth was unable to provide them. Throughout the proceedings in the trial court, Wendel had available his independent blood sample and test results. The Commonwealth conceded that because its results were unavailable, Wendel's results could not be used to incriminate him. *Wendel*, 12 Va. App. at 961 n.1, 407 S.E.2d at 692 n.1.

This Court held in *Wendel* that "when the accused requests the Commonwealth's results, and the Commonwealth does not possess and/or cannot produce the results, the Commonwealth must explain

the absence of test results.'' *Id.* at 964, 407 S.E.2d at 694. We further stated that ''Code § 18.2-268(Z) does not deal with or address the handling of *test results.*'' *Id.* at 962, 407 S.E.2d at 692 (emphasis added). Rather, Code § 18.2-268(Z) states that substantial compliance with the procedural steps in Code § 18.2-268, '' 'relating to the taking, handling, identification, and disposition' of blood and breath samples,'' is sufficient. *Wendel*, 12 Va. App. at 962, 407 S.E.2d at 962.

Kemp argues that the trial judge erred in admitting the certificate of blood analysis because the Commonwealth was unable to account for the second vial of blood or produce the independent analysis of that blood sample. The Commonwealth argues, as it did in *Wendel*, that it substantially complied with Code § 18.2-268. Although *Wendel* dealt with the absence of results from the analysis of the blood sent to the state laboratory, the same issue is presented when the Commonwealth cannot produce the results of an independent blood analysis.

Code § 18.2-268, Virginia's implied consent law, serves several purposes: it sets forth the requirement that one using the highways in Virginia charged with operating a motor vehicle while under the influence of drugs or intoxicants consents to provide a blood or breath sample to test for alcohol or drug content in the blood or breath; it defines the procedures, rules, and requirements concerning the Commonwealth's use of blood and breath analyses for alcohol and drug content; it defines the legal implications of a refusal to submit to a test for one arrested on a violation of Code § 18.2-266 or a similar local ordinance of a county, city, or town; and it establishes procedural safeguards for those accused of violating state law or local ordinances. One safeguard is set forth in Code § 18.2-268(B), which requires that an accused be arrested within two hours of the alleged offense in order for the test results to be admissible at trial. *See Overbee v. Commonwealth*, 227 Va. 238, 242, 315 S.E.2d 242, 244 (1984). Code § 18.2-268(F) explains who may take a blood sample and how it may be taken. Another safeguard is provided in Code §§ 18.2-268(G) through (I), which require the Commonwealth to take two blood samples and allow the accused to obtain his separate blood analysis, so that the results can be compared with the results of the Commonwealth and so that any discrepancies can be considered by the trier of fact. Code § 18.2-268(M) provides a safeguard which allows the person whose blood has been analyzed to obtain the . . . results in order to prepare an adequate

defense at trial and, where deemed necessary or advisable, to obtain the presence of those conducting the test in order to challenge its results.

*Id.* at 961, 407 S.E.2d at 692 (footnote omitted). "The testing of the contents of the second container shall be made in the same manner as hereafter set forth concerning the procedure to be followed by the Division, and *all procedures established herein for transmittal, testing and admission of the result in the trial of the case shall be the same as for the sample sent to the Division.*" Code § 18.2-268(H) (emphasis added).

■ Just as the implied consent law treats both vials of blood uniformly, it grants equal importance to both certificates. "A similar certificate shall accompany the vial forwarded by the independent laboratory which analyzes the second blood sample on behalf of the accused and shall be returned to the clerk of the court in which the charge will be heard." Code § 18.2-268(K).

■ The accused's right to an independent analysis of his blood cannot be fulfilled if the Commonwealth can deprive the accused of that analysis without good cause. Indeed, this Court has declared that "[o]nce the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a *right to receive the benefits of the test." Breeden v. Commonwealth,* 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992) (emphasis added). Furthermore, Code §§ 18.2-268(G) through (I), and (K) are mandatory. " 'When the word "shall" appears in a statute it is generally used in an imperative or mandatory sense.' " *Wendel,* 12 Va. App. at 962, 407 S.E.2d at 692-93 (quoting *Schmidt v. City of Richmond,* 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965)). We hold, therefore, that when an accused asks that his blood sample be sent to an independent laboratory for testing and an independent analysis is not available at trial, the Commonwealth has the burden to explain the absence of independent test results and show that it substantially complied with the steps relating to the taking, handling, identification, and disposition of defendant's blood and/or breath samples. The Commonwealth must prove that the unavailability of the independent test results is not due to unreasonable conduct by the Commonwealth or its agents.

■ The trial judge correctly stated that it was "incumbent upon the Commonwealth" to show that Officer Suave either "turned [Kemp's] vial over to the chief or sent it" to the independent laboratory of

Kemp's choice. Kemp stipulated to the admissibility of the form, which established his request that his blood sample be sent to an independent laboratory. The record indicates that neither the second vial of blood nor an independent blood analysis was received by the clerk of the court. Additionally, the Commonwealth stipulated that it did not possess the vial. Officer Suave testified that "defendant's blood was sent wherever he chose." When asked if defendant chose to have his blood sent to an independent laboratory, Officer Suave responded, "I can't remember if he chose or not." This evidence does not satisfy the Commonwealth's burden of proving that it substantially complied with the statutory procedures. Absent an explanation for the absence of the independent analysis, the trial judge erred by admitting the Commonwealth's certificate into evidence. *See Blain v. Commonwealth*, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988). When the Commonwealth cannot prove that it substantially complied with the statutory procedures referred to in Code § 18.2-268(Z), the Commonwealth is foreclosed from prosecution. *Wendel*, 12 Va. App. at 965, 407 S.E.2d at 694. *See generally People v. Underwood*, 153 Mich. App. 598, 396 N.W.2d 443 (1986).

For these reasons, we reverse the conviction and dismiss the charges against Kemp. *See Breeden*, 15 Va. App. at 151, 421 S.E.2d at 676; *Wendel*, 12 Va. App. at 965, 407 S.E.2d at 694. We need not decide the remaining questions presented in this appeal.

*Reversed and dismissed.*

Barrow, J., and Coleman, J., concurred.