### Alexandria

## CHARLES EUGENE SHOEMAKER

v.

## COMMONWEALTH OF VIRGINIA

No. 1578-92-4

Decided March 15, 1994

COUNSEL

Walter F. Green, IV (Green & O'Donnell, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

Opinion

**FITZPATRICK, J.**—Charles Eugene Shoemaker (appellant) was found guilty in a bench trial of driving while intoxicated in violation of Code § 18.2-266. He argues that the trial court erred by failing to dismiss the charge against him after it determined that the results of appellant's independent blood test were unavailable. Because we find that the Commonwealth failed to substantially comply with the requirements of Code § 18.2-268.6, we reverse the conviction and dismiss the prosecution.

## BACKGROUND

On September 7, 1991, at approximately 12:50 a.m., appellant, driving a 1978 Ford pickup truck, approached a Virginia State Police sobriety checkpoint and failed to comply with the initial directions of Trooper J. W. Styles, Jr., to stop. After nearly running over Trooper Styles, appellant finally stopped his vehicle. Based on appellant's erratic driving and poor performance of various field sobriety tests, Trooper Styles placed appellant under arrest for driving while intoxicated.

Following his arrest, Trooper Styles informed appellant of Virginia's implied consent law. Code § 18.2-268.2. Appellant elected to have a blood test. Trooper Styles provided appellant with a form listing independent laboratories to which appellant could direct his sample be sent for analysis. Unknown to Trooper Styles, the independent laboratory list he provided appellant was out of date and, as a consequence, the particular laboratory selected by appellant was no longer an approved laboratory. Appellant's sample was mailed by Trooper Styles to the selected laboratory and, sometime thereafter, the sample was returned to the court unopened with the notation: "refused." The Commonwealth did not request a continuance to resubmit the independent sample to another laboratory or take any steps to cure the defect caused by using the out-of-date list.

At trial, appellant moved to strike the Commonwealth's evidence and objected to the admission of the Commonwealth's laboratory results because of the unavailability of the independent blood analysis he had requested. The trial judge overruled appellant's motion to strike, but sustained appellant's evidentiary objection and refused to admit into evidence the Commonwealth's laboratory results of blood analysis. Appellant was convicted of driving

under the influence in violation of Code § 18.2-266 based solely on the testimonial evidence provided by the arresting officer.

## ACCUSED'S RIGHT TO AN INDEPENDENT ANALYSIS OF BLOOD

The sole issue presented in this appeal is whether the unavailability of the independent test results was due to unreasonable conduct on the part of the Commonwealth or its agents. Our decision in this case is controlled by the principles set forth in *Kemp v. Commonwealth*, 16 Va. App. 360, 429 S.E.2d 875 (1993), wherein we held:

> The accused's right to an independent analysis of his blood cannot be fulfilled if the Commonwealth can deprive the accused of that analysis without good cause. Indeed, this Court has declared that "[o]nce the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has *a right to receive the benefits of the test*." Furthermore, [the provisions of former] Code § 18.2-268(G) through (I), and (K) [now Code § 18.2-268.6] are mandatory. "When the word 'shall' appears in a statute it is generally used in an imperative or mandatory sense." We hold, therefore, that when an accused asks that his blood sample be sent to an independent laboratory for testing and an independent analysis is not available at trial, the Commonwealth has the burden to explain the absence of independent test results and show that it substantially complied with the steps relating to the taking, handling, identification, and disposition of defendant's blood and/or breath samples. The Commonwealth must prove that the unavailability of the independent test results is not due to unreasonable conduct by the Commonwealth or its agents.

*Id.* at 365, 429 S.E.2d at 878 (citations omitted).

Code § 18.2-268.6 provides, in part:

> [The arresting or accompanying officer] shall give to the accused . . . a list of the names and addresses of laboratories approved by the Division. The form shall contain a space for the accused or his counsel to direct the officer possessing the second container to forward it to an approved laboratory for

analysis, if desired. If the accused directs the officer in writing on the form to forward the second container to an approved laboratory of the accused's choice, the officer shall do so.

In this case, Trooper Styles gave appellant an out-of-date list of laboratories that included laboratories that were no longer approved by the Division of Forensic Science. Appellant selected from the list Sentara Norfolk General Hospital, a facility that was no longer a "laboratory approved by the division." The evidence established that the hospital returned the container to the court, unopened and untested, with the notation: "Refused." The Commonwealth took no further action to have the sample tested. In addition, Trooper Styles testified that he did not know exactly how often the approved list was updated, but he thought the one used was last corrected in 1989, over two years prior to the date of this arrest. Such conduct on the part of the Commonwealth effectively foreclosed any possibility that appellant would receive the independent laboratory analysis to which he was entitled. From the record before us, we conclude that the Commonwealth failed to prove that it substantially complied with the requirements of Code § 18.2-268.6.

The trial court attempted to fashion a remedy for the Commonwealth's failure in this regard by refusing to admit the Commonwealth's test results, and proceeded to try the case based only on the arresting officer's testimony. This remedy is inadequate, however, because the independent test results could have been exculpatory. *See Breeden v. Commonwealth*, 15 Va. App. 148, 150, 421 S.E.2d 674, 676 (1992) ("Mere suppression of the result of the test *not* requested, as was done in this case, does not cure the deprivation of the potential benefit of the requested test").

▪ The Supreme Court has explained the importance of diligent adherence to the statutory scheme:

The provisions of [Code § 18.2-268 to -273 serve a salutary purpose. A chemical analysis of one's blood provides a scientifically accurate method of determining whether a person is intoxicated, removes the question from the field of speculation and supplies the best evidence for that determination. It protects one who has the odor of alcohol on his breath but has not been drinking to excess, and one whose conduct may

create the appearance of intoxication when he is suffering from some physical condition over which he has no control.

*Walton v. City of Roanoke*, 204 Va. 678, 683, 133 S.E.2d 315, 319 (1963) (decided under former Code § 18.1-55, now Code § 18.2-268.2); *see also Breeden*, 15 Va. App. at 150, 421 S.E.2d at 676 (Commonwealth's failure to provide blood test deprived accused of a significant method of establishing innocence). Accordingly, "[w]hen the Commonwealth cannot prove that it substantially complied with the statutory procedures referred to in Code [§ 18.2-268.11], the Commonwealth is foreclosed from prosecution." *Kemp*, 16 Va. App. at 366, 429 S.E.2d at 879; *see also Wendel v. Commonwealth*, 12 Va. App. 958, 965, 407 S.E.2d 690, 694 (1991); *Snead v. Commonwealth*, 17 Va. App. 372, 437 S.E.2d 239 (1993); *Sullivan v. Commonwealth*, 17 Va. App. 376, 437 S.E.2d 242 (1993). We reject the Commonwealth's argument that it "substantially complied" with the relevant Code provisions, despite its negligent failure to update the approved list of laboratories or take any corrective measures. To so hold would enable the Commonwealth to effectively prevent the processing of any independent blood sample, contrary to its legislative mandate.

For the reasons set forth above, we reverse the conviction and dismiss the prosecution.

*Reversed and dismissed.*

Moon, C.J., and Willis, J., concurred.