## CIRCUIT COURT OF WESTMORELAND COUNTY

Town of Colonial Beach

v.

Woodrow W. Haddle, Jr.

June 10, 1994

BY JUDGE JOSEPH E. SPRUILL, JR.

Mr. Haddle was arrested in the Town of Colonial Beach on October 3, 1993, and charged with driving under the influence. Upon being advised by the arresting officer of the provisions of the implied consent law, the defendant elected to take a blood test. The officer called his dispatcher to inquire whether anyone was available to administer the blood test. He was told that the nurse designated to administer the test in Colonial Beach was "not available" at the time. Upon being advised of this, the defendant agreed to take a breath test.

Following a hearing on April 28, 1994, the court has had this matter under advisement pending receipt from counsel of memoranda addressing the issue of whether the charge should be dismissed because the defendant was unreasonably denied his choice of a test.

In *Snead v. Commonwealth*, 17 Va. App. 372, 437 S.E.2d 239 (1993), the Court of Appeals held: "Once an accused elects to take either the blood or the breath test, if the election is not honored because of unavailability, the Commonwealth must establish a valid reason for the lack of availability of the test requested." The question in this case is whether the Commonwealth did in fact establish a valid reason for the lack of availability of the blood test. We have the assertion by the officer that the nurse was not available. The reason for her unavailability, or whether there was someone else who might have been available to perform the test, is unknown insofar as the evidence developed in this case goes. We have the statement that the nurse was unavailable, but the reason for her unavailability, required by *Snead*, has not been established.

In *Breeden v. Commonwealth*, 15 Va. App. 148 (1992), the officer told the defendant the blood test was not available. He testified that advice was based on information he received from his sergeant. In this case, the Court of Appeals concluded that the Commonwealth failed to establish that the blood test was unavailable, and the charge was dismissed.

These cases indicate that more is required than a simple assertion that one of the tests is not available. Under these circumstances, the charge against Mr. Haddle must be dismissed.

This Court recognizes the problems faced by law enforcement officers in rural areas such as ours where medical personnel and resources may be limited. We do not construe the recent line of cases addressing this issue, and there have been many, as requiring that both tests be always available. If a reasonable effort is made to have the tests available and if a reasonable explanation is made should a test be unavailable in a given case, the requirements of the statutes and case law would very likely be satisfied.