## CIRCUIT COURT OF LANCASTER COUNTY

Commonwealth of Virginia

v.

Henry Clifton Sutherland

August 19, 1994

BY JUDGE JOSEPH E. SPRUILL, JR.

This case presents yet another unique issue arising under the implied consent law.

Although we have had difficulty in bringing this case on, I find no significant disparity in the facts set forth in [the] memoranda. I will therefore assume, for purposes of this ruling, that counsel stipulate that the defendant was stopped and arrested for driving under the influence in Lancaster County on August 21, 1993. Upon being advised of the implied consent law, the defendant elected to take the blood test. The Commonwealth's sample was forwarded to the Consolidated Laboratory and duly returned with the certificate of analysis. The defendant's sample was sent to an independent laboratory selected by him for analysis. It was returned, untested, with the notation "Could not test — vial was crushed inside blue box when received."

The defendant has moved to dismiss the prosecution for the reason that he has been denied a fundamental right of due process because potentially exculpatory evidence has been lost through no fault of his own.

The arresting officer placed the vial in the box and mailed it to the laboratory selected by the defendant. Unlike the findings of the courts in *Wendel v. Commonwealth*, 12 Va. App. 958, 407 S.E.2d 690 (1991), *Kemp v. Commonwealth*, 16 Va. App. 360, 429 S.E.2d 875 (1993), *Shoemaker v. Commonwealth*, 18 Va. App. 61, 441 S.E.2d 354 (1994), and *Williams v. Commonwealth*, 10 Va. App. 636, 394 S.E.2d 728 (1990), the Commonwealth here can show that it substantially complied with all requirements of the implied consent law. In this case, the defendant's blood sample was not analyzed through no fault of the Commonwealth. Neither was it the

fault of the defendant. There was presumably some intervening cause, beyond the control of either the Commonwealth or defendant, which made the analysis of the defendant's sample impossible, and this circumstance is what makes this case unique.

In *Breeden v. Commonwealth*, 15 Va. App. 148 (1992), the court held:

> Once the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a right to receive the benefits of the test.

The defendant has been denied this right through no fault of his own. On the other hand, because we find substantial compliance on the part of the Commonwealth, this prosecution should not be dismissed.

In my opinion, fundamental fairness requires in this circumstance that the Commonwealth's analysis not be admitted. We have here substantial compliance on the one hand and the denial of a substantive right on the other, with neither of the parties involved being responsible for the denial. We will therefore proceed on the basis of other evidence, if any there be, of intoxication. *Brooks v. City of Newport News*, 224 Va. 311 (1982). This matter should be set for trial as soon as possible.