## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Richard William Thomas

March 20, 1995

Case No. (Criminal) 9477

BY JUDGE JAMES H. CHAMBLIN

In this prosecution for driving under the influence of alcohol in violation of § 18.2-266 at the hearing on March 10, 1995, on the defendant's Motion to Suppress, I ruled that the Certificate of Analysis from the Division of Forensic Science would not be admissible at trial because on its face it does not comply with the requirements of § 18.2-268.7. I took under advisement the defendant's motion to dismiss the charge.

For reasons that follow, the charge is not dismissed at this time.

The Certificate of Analysis has attached to it the Certificate of Blood Withdrawal ("CBW") which states the defendant's name, the name of the nurse taking the blood sample, the date and time the sample was taken, and the name and initials of the arresting officer, Trooper J. N. O'Brien. The facts so stated in the CBW were testified to and verified by Trooper O'Brien at the hearing. The Certificate of Analysis fails to state that the CBW was affixed to and removed from the blood vial. The Certificate of Analysis also states "CBW was detached from the vial at the perforation." Section 18.2-268.7 requires that the CBW be removed from the blood vial and affixed to the Certificate of Analysis which shall state that the CBW was so removed and affixed. The Certificate of Analysis must comply with § 18.2-268.7 in order to be admissible in evidence at trial. Because the Certificate of Analysis does not so comply, it will not be admissible at the trial in this case.

At the hearing the Commonwealth, relying on § 18.2-268.11, argued that there has been substantial compliance with the requirements of § 18.2-268.7. Although I stated at the hearing that I felt that there had been no substantial compliance, I should have gone further and stated that the defendant has raised more than a procedural problem. Section 18.2-268.11 states that the requirements of § 18.2-268.7 are procedural and not substantive. Here, I feel that the defendant has also raised an issue affecting the integrity of the sample which is a matter of substance. *See, Williams v. Commonwealth,* 10 Va. App. 636, 639 (1990). Therefore, on the facts presented at the hearing, § 18.2-268.11 is not applicable to the substantive issue raised by the defendant.

Because the Certificate of Analysis will not be admissible at trial, the defendant argues that the charge should be dismissed. He cites *Wendel v. Commonwealth,* 12 Va. App. 958 (1991), and *Breeden v. Commonwealth,* 15 Va. App. 148 (1992).

Neither *Wendel* nor *Breeden* are applicable to this case because, unlike those cases, the defendant here does have blood test results available to him. In both *Wendel* and *Breeden,* blood test results were not provided to the defendant, and, in each case, the Commonwealth could not explain why the results were unavailable. Therefore, in each case, the charge was dismissed because the Commonwealth did not explain why the defendant was deprived of his right under § 18.2-268.7 to the results of his blood test.

Section 18.2-268.10 allows the trier of fact to consider other relevant evidence of the condition of the accused besides the results of the blood test. Results of the blood test are not necessary for a conviction. *See Wendel,* 12 Va. App. at 963. Failure of the Commonwealth to make the test results available does not automatically require dismissal of the charge. 12 Va. App. at 964.

The defendant seems to be arguing that because the procedural requirements of § 18.1-268.7 were not met, the blood test results are not available to him. I do not agree because the reason is one of procedure, not substance. This case is similar to the unsealed container situation found in *Williams* where it was held to be error to have admitted the certificate in evidence, but it did not result in a dismissal of the charge.

This case will proceed to trial as scheduled on April 21, 1995, at 9:00 a.m., without a jury.