COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Willis and Senior Judge Hodges
Argued at Salem, Virginia

ROBERT PAUL HOPSON

v.     Record No. 0209-94-3          MEMORANDUM OPINION[*] BY
                                     JUDGE LAWRENCE L. KOONTZ, JR.
COMMONWEALTH OF VIRGINIA                    MAY 9, 1995

            FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                    George E. Honts, III, Judge

          (Thomas W. Roe, Jr.; Carter, Roe, Spigle & Roe, on
          brief), for appellant. Appellant submitting on brief.

          Eugene Murphy, Assistant Attorney General (James S.
          Gilmore, III, Attorney General, on brief), for
          appellee.


     Robert Paul Hopson (Hopson) appeals his conviction for

driving under the influence pursuant to Code § 18.2-266. Hopson

asserts that the trial court erred in admitting the certificate

of analysis from his breathalyzer test on the ground that the

Commonwealth failed to comply with the requirement of Code

§ 18.2-268.2 that he be offered a choice between a blood and

breath test. Finding no error, we affirm.

     Following his arrest, Hopson was informed of the terms of

the implied consent law and elected to take a breath test. Upon

arrival at the Botetourt County Sheriff's Office, the arresting

officer discovered that the breathalyzer was not functioning.

The officer informed Hopson that the blood test was also not

available in Botetourt County at that time because of the death

of the doctor who normally performed the blood test. The officer

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

then contacted the Roanoke County Sheriff's Office to confirm that blood alcohol analysis could be performed there, and upon being told that it could, transported Hopson to Roanoke County where he was given a breathalyzer test.

Code § 18.2-268.2(B) provides that a motorist arrested for driving under the influence of alcohol has a statutory right to choose between a blood test and breath test if required to take such a test pursuant to Code § 18.2-268.2(A). "Once the driver has elected which test he prefers to take, '[he] has a right to receive the benefits of [that] test.'" Sullivan v. Commonwealth, 17 Va. App. 376, 378, 437 S.E.2d 242, 243 (1993)(quoting Breeden v. Commonwealth, 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992)). "Failure to provide the requested test . . . deprives the accused of a significant method of establishing his innocence." Breeden, 15 Va. App. at 150, 421 S.E.2d at 676 (emphasis added).

Hopson asserts that he was informed of the implied consent law and then "basically told" that the breath test was his only option. His argument, however, focuses on events which occurred after he elected to take the breath test. The trial court found, as a matter of fact, that Hopson requested the breath test when he was informed of the election requirement of the implied consent law. That determination is supported by the record and is therefore binding on appeal. Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987)(en banc).

Hopson's election of a breath test was made freely and it

was honored by the Commonwealth. Nothing in the record suggests that he would not have been provided with a blood test had he requested that method, rather than a breath test, at the time of his initial election. Under these facts, the reasonableness of the unavailability of either test in Botetourt County and the subsequent administration of the breath test in Roanoke County without a renewed offer of the blood test are not relevant to the inquiry of whether the requirements of Code § 18.2-268.2 were met. In short, the record here establishes that Hopson was given the test he chose.

For these reasons, we affirm Hopson's conviction.

<u>Affirmed</u>.