## CIRCUIT COURT OF ALBEMARLE COUNTY

Commonwealth of Virginia

v.

Charles T. Kennison

July 9, 1996

Case No. 11,278

By Judge Paul M. Peatross, Jr.

The Court has taken this case under advisement after the defendant's motion to strike for the Commonwealth's failure to produce evidence of why a breath test was not made available to the defendant. The motion was first considered and overruled prior to the jury verdict. The jury subsequently found the defendant guilty of unreasonably refusing to permit a sample of blood or breath to be taken to determine the alcohol or drug or both drug and alcohol content of the blood in violation of Code § 18.2-268.2. In light of the jury's decision, the Court reconsidered the defendant's motion to strike and now sustains the motion.

### Statement of Facts

On December 29, 1995, Officer Hackney stopped defendant, Charles T. Kennison, who was operating a motor vehicle in Albemarle County. Officer Hackney had probable cause to believe that the defendant was intoxicated while operating a motor vehicle. The defendant submitted to physical examinations to determine if he was driving under the influence of alcohol. Officer Hackney requested that the defendant take a breath test and informed him of Virginia's implied consent law found in Code § 18.2-268.2, which requires that any person operating a motor vehicle consent to having samples of blood or breath or both taken to determine the alcohol content of their body.

Initially, the defendant refused to submit to a breath test but finally agreed. Officer Hackney, after talking to the dispatcher, then told him that

the breath test was not available and that he must submit to a blood test. At the hospital, Kennison decided that he would not submit to a blood test. No evidence was presented at trial explaining why a breath test was unavailable.

## Question Presented

Has the Commonwealth met its burden of demonstrating why a breath test was unavailable?

## Discussion of Authority

The Commonwealth has the burden of introducing evidence that a breath test was not available in order to ensure that the defendant's right to a breath test is not arbitrarily or capriciously denied.

In 1994, the General Assembly amended Code § 18.2-268.2(B) which currently reads: "Any person so arrested for a violation of § 18.2-266(i) or (ii) or both, or § 18.2-266.1 or of a similar ordinance shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given . . . ." Prior to the amendment, the code section gave the defendant a choice between a breath test and a blood test.

This Court finds that the decisions prior to the 1994 amendment are applicable to the amended statute and that an examination of these cases demonstrates that the Commonwealth has a burden of demonstrating why the defendant is being denied a particular method of testing his or her blood alcohol level.

*Lowe v. Commonwealth*, 230 Va. 346 (1985), *cert. denied*, 475 U.S. 1084 (1986), held that if the Commonwealth did not provide an explanation of why a blood test was unavailable, there would be a danger that the test may be "withheld arbitrarily and without adequate cause and that government officials may capriciously deprive a driver of the choice provided by Code § 18.2-268.2."

Case law interpreting the statute has held that, if one of the tests is unavailable, the Commonwealth "must establish a valid reason for the lack of availability of a test." *Breeden v. Commonwealth*, 15 Va. App. 148, 151 (1992); *Snead v. Commonwealth*, 17 Va. App. 372 (1993).

## Conclusion

The amended statute protects a defendant's right to have a breath test. The Commonwealth may not arbitrarily and capriciously deny this test. In the instant case, the Commonwealth did not introduce any evidence which

would establish a valid reason why a breath test could not be given to Charles Kennison on December 29, 1995. In addition, the Commonwealth provided no legal authority contrary to the case law presented under the former Code section. Finally, the statute says if a breath test is unavailable, a blood test may be given. In strictly construing the statute against the Commonwealth, "unavailability" needs to be shown by evidence at trial. The motion to strike is, therefore, sustained and the jury verdict is overturned. The charge is dismissed.