COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick,* Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia


ISAAC AMAYA-PORTILLO, S/K/A
 ISAAC DEJESUS AMAYA-PORTILLO

                                      MEMORANDUM OPINION**
v.     Record No. 2559-96-4         BY JUDGE CHARLES H. DUFF
                                       DECEMBER 9, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    William T. Newman, Jr., Judge

          Sean D. O'Malie (Pelton, Balland, Young,
          Demsky, Baskin & O'Malie, P.C., on brief),
          for appellant.

          Eugene Murphy, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     In a bench trial, Isaac Amaya-Portillo (appellant) was

convicted in the Circuit Court of Arlington County of driving

while under the influence of alcohol (DUI).  On appeal, appellant

argues that the trial court erred in admitting the Commonwealth's

certificate of analysis pertaining to a blood sample obtained

from him on the night of his arrest.  Finding no error, we affirm

appellant's conviction.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Maynard v. Commonwealth,

―――――――――――――――
        *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

        **Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc).

So viewed, the evidence demonstrated that on August 13, 1995, appellant was arrested for DUI following an automobile accident. After being advised of Virginia's implied consent law, appellant elected a blood test.

A registered nurse withdrew two vials of blood from appellant, sealed and boxed the vials individually, and gave the boxes to Officer Carolyn Jackson-Clark, the officer who arrested appellant. Neither of the vials was cracked or damaged when the nurse placed them inside the boxes. Officer Jackson-Clark put the sealed boxes in the refrigerator in the property unit of the police station later in her shift. She noticed nothing unusual about the boxes at that time.

Preston Johnson, a property clerk for the Arlington County Police Department, removed the boxes containing appellant's blood samples from the refrigerator on August 17, 1995. The boxes were sealed and did not appear to be leaking. Johnson attached property control numbers to the boxes and put them in the refrigerator in the evidence room.

On August 18, 1995, Johnson took the boxes from the refrigerator, placed postage upon them, and put the two packages in a mailbox. Johnson mailed one of the boxes to Valley Medical Laboratories, which appellant had selected on the night of his arrest to conduct an independent analysis of the second vial of blood withdrawn from him. The other box was mailed to the

Division of Forensic Science.  The boxes showed no signs of leakage when Johnson mailed them.

The certificate of analysis produced by Valley Medical Laboratories indicated that the laboratory had been unable to test the blood sample contained in the box because "the vial when received was smashed and blood had leaked out."  The certificate of analysis produced by the Division of Forensic Science regarding the other blood sample indicated that appellant's blood alcohol content was 0.21 percent.  The trial judge admitted the certificate of analysis produced by the Division of Forensic Science into evidence and found appellant guilty of DUI.

On appeal, appellant contends that because Valley Medical Laboratories was unable to test the second vial of blood due to the condition in which it arrived there, the Commonwealth's certificate of analysis regarding the other sample was inadmissible and the Commonwealth should have been foreclosed from prosecuting him for DUI.  When a blood test is conducted following an arrest for DUI, Code § 18.2-268.6 requires that the blood taken from the accused

> be divided between two containers provided by the Division [of Forensic Science], and the containers shall be sealed to prevent tampering with the vial.  The arresting or accompanying officer shall take possession of the two containers as soon as the vials are placed in such containers and sealed, and shall promptly transport or mail one of the containers to the Division.  Immediately after taking possession of the second container, the officer shall give to the accused a form provided by the Division which sets forth the procedure to obtain an

independent analysis of the blood in the
second container, and a list of the names and
addresses of laboratories approved by the
Division.  The form shall contain a space for
the accused or his counsel to direct the
officer possessing the second container to
forward it to an approved laboratory for
analysis, if desired.  If the accused directs
the officer in writing on the form to forward
the second container to an approved
laboratory of the accused's choice, the
officer shall do so.

            *       *       *       *       *       *       *

The contents of the second container
shall be transmitted, tested and admitted in
evidence in the same manner and in accordance
with procedures established for the sample
sent to the Division . . . .

Code § 18.2-268.11 provides:

The steps set forth in §§ 18.2-268.2
through 18.2-268.9 relating to taking,
handling, identifying, and disposing of blood
or breath samples are procedural and not
substantive.  Substantial compliance shall be
sufficient.  Failure to comply with any steps
or portions thereof, or a variance in the
results of the two blood tests shall not of
itself be grounds for finding the defendant
not guilty, but shall go to the weight of the
evidence and shall be considered with all the
evidence in the case; however, the defendant
shall have the right to introduce evidence on
his own behalf to show noncompliance with the
aforesaid procedures or any part thereof, and
that as a result his rights were prejudiced.

"'[W]hen the Commonwealth cannot prove that it substantially
complied with the statutory procedures referred to in Code
[§ 18.2-268.11], the Commonwealth is foreclosed from
prosecution.'"  Shoemaker v. Commonwealth, 18 Va. App. 61, 65,
441 S.E.2d 354, 356 (1994) (quoting Kemp v. Commonwealth, 16 Va.

-4-

App. 360, 366, 429 S.E.2d 875, 879 (1993)).

In Kemp, the Commonwealth neither accounted for the whereabouts of the defendant's blood sample that he had requested be sent to an independent laboratory, nor produced a certificate of analysis pertaining to that sample. We held that

> when an accused asks that his blood sample be sent to an independent laboratory for testing and an independent analysis is not available at trial, the Commonwealth has the burden to explain the absence of independent test results and show that it substantially complied with the steps relating to the taking, handling, identification, and disposition of defendant's blood and/or breath samples. The Commonwealth must prove that the unavailability of the independent test results is not due to unreasonable conduct by the Commonwealth or its agents.

Kemp, 16 Va. App. at 365, 429 S.E.2d at 878.

In Shoemaker, the arresting officer provided the defendant with an outdated list from which to choose a laboratory to conduct the independent analysis of his blood. At the time of the defendant's arrest, the laboratory he selected to perform the independent analysis was no longer approved to perform the test. Consequently, the laboratory returned the sample of appellant's blood unopened and marked "refused." The Commonwealth took no steps to resubmit the sample to another laboratory or to otherwise cure the problem caused by the officer having provided the defendant with an outdated list of laboratories. See Shoemaker, 18 Va. App. at 62, 441 S.E.2d at 355. Upon these facts, we concluded that the evidence failed to show that the

Commonwealth had substantially complied with the statutory requirements. See id. at 65, 441 S.E.2d at 356.

In this case, the Commonwealth produced uncontradicted evidence that the vials were in good condition when received by Officer Jackson-Clark. The boxes containing the vials were maintained in a refrigerator by Johnson. The boxes remained sealed and were not leaking when Johnson mailed them to the respective laboratories, as Code § 18.2-268.6 specifically permits.[1] Thus, there was no indication that the boxes were mishandled prior to mailing or that the Commonwealth deviated from the procedures mandated by Code § 18.2-268.6.

The statutes relating to the taking and handling of blood samples do not provide that the postal workers involved in transmitting blood samples to the laboratories necessarily become agents of the Commonwealth, for whose unreasonable conduct the prosecution must account. We will not presume the existence of such an agency relationship. See State Farm Mut. Auto. Ins. Co. v. Weisman, 247 Va. 199, 203, 441 S.E.2d 16, 19 (1994). In fact, after depositing the boxes in good condition in the mail, the Commonwealth had no further control over the manner of their delivery to the laboratories. Although postal service clerks generally are presumed to have properly discharged their official duties, see Robertson v. Commonwealth, 12 Va. App. 854, 856-57,

---

[1]Johnson could not have viewed the vials and ensured their good condition without unsealing the boxes and thereby violating the procedure set forth in Code § 18.2-268.6.

406 S.E.2d 417, 418-19 (1991), the condition in which the vial arrived at Valley Medical Laboratories tended to rebut that presumption of regularity in this instance.

The Commonwealth's evidence demonstrated that it substantially complied with the statutory procedures relating to the taking and handling of blood samples, and sufficiently explained the unavailability of the independent blood test. Therefore, the trial judge did not err in admitting the Commonwealth's certificate of analysis and in finding appellant guilty of DUI.

<u>Affirmed.</u>