BENTON, J.,
dissenting.
The Commonwealth indicted Stevens for driving under the influence of alcohol in violation of Code § 18.2-266 and for *253 involuntary manslaughter. The latter offense is statutorily defined, in part, as follows:
A. Any person who, as a result of driving under the influence in violation of clause (ii), (iii), or (iv) of § 18.2-266 or any local ordinance substantially similar thereto unintentionally causes the death of another person, shall be guilty of involuntary manslaughter.
B. If, in addition, the conduct of the defendant was so gross, wanton and culpable as to show a reckless disregard for human life, he shall be guilty of aggravated involuntary manslaughter, a felony punishable by a term of imprisonment of not less than one nor more than 20 years, one year of which shall be a mandatory minimum term of imprisonment.
Code § 18.2-36.1. This prosecution and conviction under Code § 18.2-36.1 implicated only Code § 18.2—266(ii) because no allegation or evidence concerned any substance other than alcohol.
The trial judge found that the arresting officer failed to comply with the Virginia implied consent law because he did not arrest Stevens within the statutorily mandated period following the accident, see Code § 18.2-268.2, and because he failed to give Stevens a form to request an independent analysis of his blood, see Code § 18.2-268.6. Based upon his findings that the officer violated Code § 18.2-268.6 of the implied consent law and that the conduct of the arresting officer did not constitute substantial compliance with the provisions of Code § 18.2-268.6, the trial judge dismissed the Commonwealth’s prosecution of Stevens for violating Code § 18.2-266. In so ruling, the trial judge relied upon our decisions in Artis v. City of Suffolk, 19 Va.App. 168, 450 S.E.2d 165 (1994) (reversing the conviction for failure to provide the accused with a form to make election for independent blood analysis, which “negates the possibility of ‘substantial compliance’ ”), and Shoemaker v. Commonwealth, 18 Va.App. 61, 441 S.E.2d 354 (1994) (holding that the Commonwealth is foreclosed from prosecution upon failure to comply with statutory procedures of Code § 18.2-268.6).
*254 As we noted in Shoemaker, the Supreme Court has explained the necessity of “diligent adherence” to the implied consent law as follows:
“The provisions of [Code § 18.2-268 et seq.\ serve a salutary purpose. A chemical analysis of one’s blood provides a scientifically accurate method of determining whether a person is intoxicated, removes the question from the field of speculation and supplies the best evidence for that determination. It protects one who has the odor of alcohol on his breath but has not been drinking to excess, and one whose conduct may create the appearance of intoxication when he is suffering from some physical condition over which he has no control.”
18 Va.App. at 64-65, 441 S.E.2d at 356 (quoting Walton v. City of Roanoke, 204 Va. 678, 683, 133 S.E.2d 315, 319 (1963)). Thus, we held that dismissal of the prosecution under Code § 18.2-266 is the only adequate remedy for a violation of Code § 18.2-268.6. Shoemaker, 18 Va.App. at 64, 441 S.E.2d at 356. Suppression of the test results does not cure a violation of the implied consent law because “the accused [is deprived] of a significant method of establishing his innocence.” Breeden v. Commonwealth, 15 Va.App. 148, 150, 421 S.E.2d 674, 676 (1992). We explained that a mere refusal to admit in evidence the Commonwealth’s test results would not compensate for the deprivation of the statutory right in cases where the Commonwealth is permitted to proceed at trial upon the arresting officer’s testimony. This is so because “the independent test results could have been exculpatory.” Shoemaker, 18 Va.App. at 64, 441 S.E.2d at 356.
I would hold that the reasoning underlying these cases, as well as the express language of Code § 18.2-36.1, mandate the conclusion that the trial judge erred in failing also to dismiss the prosecution of Stevens for a violation of Code § 18.2-36.1. We have unequivocally drawn the dependent connection between a prosecution under Code § 18.2-266 and a prosecution for aggravated manslaughter under Code § 18.2-36.1. Our case law could not be clearer on this point. We held in Hall v. Commonwealth, 32 Va.App. 616, 627, 529 S.E.2d 829, 835 *255 (2000) (en banc), that “[t]he manslaughter statute under which appellant was tried expressly references a violation of Code § 18.2-266 as the predicate for the prosecution of aggravated manslaughter,” and we further held that “[t]he Commonwealth can prove a violation of Code § 18.2-36.1 if and only if it proves a violation of Code § 18.2-266.” In other words, “a prosecution for a violation of Code § 18.2-36.1 is necessarily a prosecution under [Code] § 18.2-266.” Hall, 32 Va.App. at 616, 529 S.E.2d at 835 (emphasis added).
The express wording of the statute demonstrates that to convict an accused of involuntary vehicular manslaughter, the Commonwealth must prove a violation of Code § 18.2-266 because the manslaughter statute expressly provides that “[a]ny person who, as a result of driving under the influence in violation of clause (ii), (iii), or (iv) of § 18.2-266 ... unintentionally causes the death of another person, shall be guilty of involuntary manslaughter.” Code § 18.2-36.1(A). If there could be any doubt about the dependent connection between Code § 18.2-266 and Code § 18.2-36.1, the legislature eliminated that doubt. The legislative intent is clear: by enacting “rebuttable presumptions” that arise in any prosecution for a violation of Code § 18.2-36.1 when a blood analysis results from arrests under Code § 18.2-266, the General Assembly codified the dependent connection. In pertinent part, Code § 18.2-269 provides as follows:
A. In any prosecution for a violation of § 18.2-36.1 or § 18.2-266(ii), or any similar ordinance, the amount of alcohol in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused’s blood or breath to determine the alcohol content of his blood in accordance with the provisions of §§ 18.2-268.1 through 18.2-268.12 shall give rise to the following rebuttable presumptions:
(1) If there was at that time 0.05 percent or less by weight by volume of alcohol in the accused’s blood or 0.05 grams or less per 210 liters of the accused’s breath, it shall be presumed that the accused was not under the influence of alcohol intoxicants at the time of the alleged offense;
*256 (2) If there was at that time in excess of 0.05 percent but less than 0.08 percent by weight by volume of alcohol in the accused’s blood or 0.05 grams but less than 0.08 grams per 210 liters of the accused’s breath, such facts shall not give rise to any presumption that the accused was or was not under the influence of alcohol intoxicants at the time of the alleged offense, but such facts may be considered with other competent evidence in determining the guilt or innocence of the accused; or
(3) If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused’s blood or 0.08 grams or more per 210 liters of the accused’s breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.
Indeed, the connection between the statutes is amply demonstrated in this case by the Commonwealth’s use, in this prosecution under Code § 18.2-36.1, of the blood analysis evidence which was derived from blood drawn from Stevens under Code § 18.2-268.2. The Commonwealth used the blood analysis evidence from blood drawn from Stevens under the implied consent law. The Commonwealth’s expert testified that the analysis revealed Stevens’s blood alcohol content was .12 by weight by volume, which would result in decreased steering accuracy, decreased vision, decreased decision-making ability, and a general loss of coordination. This evidence was critical in establishing that Stevens was intoxicated and that Stevens’s conduct met the gross and wanton standard, elevating his crime to aggravated involuntary manslaughter.
Stevens’s consent for the taking and testing of his blood was statutorily implied and sanctioned because “he [was] arrested for violation of [Code] § 18.2-266.” Code § 18.2-268.2. Furthermore, by denying Stevens’s motion to bar the prosecution under Code § 18.2-36.1, the trial judge has permitted the Commonwealth to benefit from its violation of the implied consent law. Because of the violation of the implied consent law following his arrest, Stevens had no opportunity to obtain an independent analysis of his blood and, therefore, was precluded from any opportunity that might have advantaged *257 him under the rebuttable presumption statute of Code § 18.2-269. See Shoemaker, 18 Va.App. at 64, 441 S.E.2d at 356 (holding that dismissal was required because “the independent test results could have been exculpatory”). As we held in Breeden, “[o]nce the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a right to receive the benefits of the test.” 15 Va.App. at 150, 421 S.E.2d at 675.
For these reasons, I would reverse the conviction.