Richmond

WILLIE LEE ARTIS

v.

CITY OF SUFFOLK

No. 1230-93-1

Decided November 8, 1994

COUNSEL

Michael S. Huberman (L. Neil Steverson; Spinella, Owings & Shaia, on brief), for appellant.

No brief or argument for appellee.

OPINION

**KOONTZ, J.**—Willie Lee Artis appeals his conviction for driving while intoxicated on the ground that the arresting officer failed to comply with the requirement of Code § 18.2-268.6 that following the taking of a blood sample an accused be given an independent analysis designation form and list of approved laboratories. We hold that the officer's action of showing the independent analysis designation form to Artis and then returning the form to the arrest file was insufficient to comply substantially with the requirements of the statute. Accordingly, we reverse Artis's conviction.

The case was submitted upon a statement of facts prepared by Artis and seen by the City prior to its submission to and adoption by the trial court. *See* Rule 5A:8(c). It is undisputed that Artis was lawfully stopped and arrested for driving under the influence. After taking Artis to have blood samples drawn, Officer D.M. Smith of the Suffolk City Police Department "showed Mr. Artis the approved independent laboratories form." At that time, Artis refused to sign the form or select one of the approved independent laboratories to perform the analysis. Smith then placed the form in Artis's arrest file. The location of the form was discovered several months later by an investigator working for Artis.

Code § 18.2-268.6 reads in pertinent part:

Adequate portions of the blood samples withdrawn pursuant to § 18.2-268.5 shall be placed in vials provided by the

Division of Forensic Science. . . . Immediately after taking possession of the second container, *the officer shall give to the accused a form provided by the Division which sets forth the procedure to obtain an independent analysis of the blood in the second container,* and a list of the names and addresses of laboratories approved by the Division. The form shall contain a space for the accused or his counsel to direct the officer possessing the second container to forward it to an approved laboratory for analysis, if desired. If the accused directs the officer in writing on the form to forward the second container to an approved laboratory of the accused's choice, the officer shall do so.

*If the accused does not direct otherwise on the form,* the officer having the second container shall deliver it to the chief police officer. The chief police officer, upon receiving the container, shall retain it *for a period of seventy-two hours,* during which time *the accused or his counsel may, in writing, on the form provided hereinabove, direct the chief police officer to mail the second container to the laboratory the accused has chosen from the approved list.*

(Emphasis added).

■ We are required to adopt the plain meaning of a statute. *Crews v. Commonwealth,* 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3, *appeal denied,* 360 S.E.2d 715 (1987). Code § 18.2-268.6 directs that the officer "shall give" the independent analysis designation form to the accused. Based upon the evidence as recited in the statement of facts, we must assume that Artis was never in possession of the independent analysis designation form. The evidence established that the officer merely showed the form to Artis and told him that he could have an independent test done without further explanation. Merely showing the form to an accused at the time a blood sample is taken is insufficient to comply with the requirement of the statute that the form be given to the accused.

The facts of this case do not indicate that Artis refused to take possession of the independent analysis designation form, that any attempt was made to give the form to him, or that he knowingly and intelligently waived his rights to be given the form and to make an election for an independent blood analysis. Thus, our holding is limited to those instances where the police do not give

or attempt to give the accused possession of the form during the seventy-two hours following the taking of his blood sample. We leave for another day a determination of what, if any, action the statute requires the police to take when an accused refuses to take possession of the independent analysis designation form.

■ Finally, we consider whether the "substantial compliance" rule relieves the City of its burden to give an accused the independent analysis designation form. Under that rule, "[t]he steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive." Code § 18.2-268.11. The statute further provides that where there is substantial compliance, any deficiency in the required procedures is a matter of weight and sufficiency of the evidence to be determined by the trier of fact.

■ Assuming without deciding that the delivery of the independent analysis designation form is a step "relating to taking, handling, identifying, and disposing of blood . . . samples," we hold that the failure to comply with that requirement of the statute negates the possibility of "substantial compliance." Provision for the independent analysis designation form is intended to safeguard the right of an accused to seek an independent analysis of his blood. Having held that merely showing the form to the accused is insufficient to accomplish the requirements of Code § 18.2-268.6, it is self-evident that this safeguard has not been achieved in actuality or in substance. Accordingly, we cannot say that the City substantially complied with the requirements of the statute.

For these reasons, we reverse Artis's conviction and dismiss the charge against him.

*Reversed and dismissed.*

Barrow, J., and Elder, J., concurred.