COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Willis and Senior Judge Hodges
Argued at Alexandria, Virginia

JERRY D. MATTHEWS

v.      Record No. 1281-94-4          MEMORANDUM OPINION[*] BY
                                      JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                  OCTOBER 24, 1995

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Arthur B. Vieregg, Jr., Judge

        William D. Pickett (P. Clark Kattenburg, P.C., on
brief), for appellant.

        Marla Lynn Graff, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Jerry D. Matthews (appellant) was convicted by a jury of

driving while intoxicated, pursuant to Code § 18.2-266.  On

appeal, appellant contends that the trial judge erred in allowing

the Commonwealth to present evidence of his intoxication after

ruling that the blood test results were inadmissible.  We agree

and reverse the conviction.

     The facts are not in dispute.  On September 16, 1993,

Trooper Marcus McClanahan saw appellant's vehicle weave in and

out of traffic lanes.  When appellant stopped his vehicle,

McClanahan approached and noticed that appellant smelled of

alcohol.  Appellant had red eyes, a flushed face, and slurred

speech.  Appellant fell down when he exited his vehicle.  After

failing field sobriety tests, McClanahan took appellant to a

_____

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

detention center where he was advised of the implied consent law. Appellant elected to take a breath test, but, because appellant belched several times, the test could not be properly administered. Appellant was then offered a blood test. Appellant consented to the test. After a technician drew blood and placed it in two vials, McClanahan orally advised appellant of his right to have one of the vials tested by an independent laboratory. McClanahan did not give appellant a copy of the form informing appellant of his right to an independent test and listing approved independent labs, and appellant did not have the second vial of blood tested. In a letter opinion, the trial judge found that McClanahan's failure to give appellant a copy of the form precluded admission of the test results. The trial judge ruled that, even if the "substantial compliance" requirement applied, "McClanahan's verbal summary of [appellant's] right to obtain an independent analysis of his blood does not constitute 'substantial compliance' of the statute's requirements."

The trial judge also addressed the issue of waiver in his letter opinion. He explained that

> [e]vidence introduced by the Commonwealth suggests that [appellant] was intoxicated during the taking of his blood, so much so that he was disorderly and had to be restrained. Under such circumstances, the Trooper could not have reasonably concluded that [appellant] was capable of making a meaningful decision to waive his right to have a sample of his blood tested by an independent laboratory, a right afforded him by the General Assembly. Furthermore, by

> failing to leave the form with [appellant],
> the Trooper deprived [appellant] of the
> opportunity to exercise that right when he
> became sober.

Despite his decision to preclude admission of the Commonwealth's blood test results, the trial judge allowed the Commonwealth to present other evidence of intoxication. Based on McClanahan's testimony, the trial judge found appellant guilty.

"[T]he failure to comply with [the] requirement of the statute [that an accused be given the form] negates the possibility of 'substantial compliance.'" Artis v. City of Suffolk, 19 Va. App. 168, 171, 450 S.E.2d 165, 167 (1994) (reversing conviction and dismissing charge where police officer showed form to accused and returned it to file). "[B]ecause the independent test results could have been exculpatory," mere suppression of the Commonwealth's test results "is [an] inadequate [remedy]." Shoemaker v. Commonwealth, 18 Va. App. 61, 64, 441 S.E.2d 354, 356 (1994). See also Sullivan v. Commonwealth, 17 Va. App. 376, 378, 437 S.E.2d 242, 243 (1993); Breeden v. Commonwealth, 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992) (failure to provide results of test requested deprives accused of significant method of establishing his innocence).

The facts of this case established that appellant was not given or offered the requisite form and did not knowingly and intelligently waive his right to an independent analysis. Accordingly, we reverse appellant's conviction and dismiss the charge against him. See Artis, 19 Va. App. at 170-71, 450 S.E.2d

-3-

at 166 (absent evidence of knowing and intelligent waiver or that accused was offered form and refused to take it, failure to give accused form required reversal and dismissal).

<u>Reversed and dismissed.</u>