COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


WILLIE ALBERT PRICE
                                        MEMORANDUM OPINION[*] BY
v.  Record No. 0460-95-2            JUDGE JAMES W. BENTON, JR.
                                             MAY 28, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                   Charles L. McCormick, III, Judge

        Roxie O. Rosemond for appellant.

        Leah A. Darron, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Willie Albert Price appeals from a conviction of driving

under the influence of alcohol in violation of Code

§ 18.2-266(ii).  He contends that the trial judge erred in

admitting a certificate of breath analysis and a deputy sheriff's

testimony regarding the test procedure.  For the reasons that

follow, we conclude that the trial judge did not err.

                                I.

     Shortly before 11:30 p.m., several deputy sheriffs saw Price

drive through an intersection after failing to heed a stop sign.

 Before stopping Price, they observed him driving on the wrong

side of the road and weaving across the travel lanes.  After

Price stopped and exited his vehicle, he walked unsteadily.  The

deputies arrested Price for driving under the influence of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

alcohol.  Price elected to take a breathalyzer test.

Over objection of Price's counsel, Deputy Sheriff Todd Gordon testified at trial that he administered the breath test and took notes throughout the procedure.  He testified that he started the test with an observation period at 11:45 p.m., prepared and tested the machine, and gave Price the breath test at 12:08 a.m.  The machine recorded Price's blood alcohol content as .10.

The deputy sheriff also testified that he prepared the certificate of analysis, gave a copy to Price, and then took Price to a jail cell.  Approximately twenty-five minutes after completing the certificate, the deputy sheriff realized that he failed to indicate on the certificate the time of the test.  After ascertaining from his notes the time that he conducted the test, the deputy sheriff entered the time on the copies of the certificate he retained.  He did not notify Price of the omission or enter the time of the test on Price's copy.

Price's counsel objected to the introduction of the certificate in evidence because the time had not been completed on Price's copy of the certificate.  His counsel also objected to the introduction of the deputy sheriff's notes.  The trial judge admitted both as evidence.  At the conclusion of all the evidence, the trial judge found the evidence sufficient to prove beyond a reasonable doubt that Price drove under the influence of alcohol in violation of Code § 18.2-266(ii).

II.

"Evidence that tends to establish a fact at issue is relevant and material and, therefore, admissible, if its probative value is not outweighed by any prejudicial effect." Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994). The trial judge must balance the competing considerations. Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). The deputy sheriff's testimony proved the circumstances surrounding the test and tended to resolve a disputed issue concerning the certificate of analysis. Thus, the testimony was relevant and material. Furthermore, based upon the evidence in the record, the probative value of the testimony outweighed any incidental prejudice to Price. Therefore, the trial judge did not err in admitting the deputy sheriff's testimony.

Code § 18.2-268.9 creates an exception to the hearsay rule and permits a certificate of breath analysis to be admitted in evidence. In pertinent part, the statute states as follows:

> Any individual conducting a breath test under the provisions of § 18.2-268.2 shall issue a certificate which will indicate that the test was conducted in accordance with the Division's specifications, the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate, the name of the accused, that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test, the date and time the sample was taken from the accused, the sample's alcohol content, and the name of the person who

examined the sample.  This certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding as evidence of the facts therein stated and of the results of such analysis.  Any such certificate of analysis purporting to be signed by a person authorized by the Division shall be admissible in evidence without proof of seal or signature of the person whose name is signed to it.  A copy of the certificate shall be promptly delivered to the accused.

Code § 18.2-268.9.

In addition, Code § 18.2-268.11 provides as follows:
The steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. <u>Substantial compliance shall be sufficient</u>.  Failure to comply with any steps or portions thereof, or a variance in the results of the two blood tests shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced

(Emphasis added).

Through testimony of the deputy sheriff, the Commonwealth sought to explain an omission on the certificate.  Although the certificate that the deputy sheriff gave to Price did not specify the time Price took the test, the deputy sheriff testified as to the time and the events that occurred during and after the test.  His testimony proved that the notes he made contemporaneously with the test contained the time the breath sample was taken.

This evidence proved substantial compliance with the requirements of Code § 18.2-268.9.

Furthermore, the omission and the deputy sheriff's explanation "go to the weight of the evidence and shall be considered with all the evidence in the case."  Code § 18.2-268.11; Artis v. City of Suffolk, 19 Va. App. 168, 171, 450 S.E.2d 165, 167 (1994).  No evidence tended to prove that Price suffered prejudice as a result of the omission of the time on his copy of the certificate.  Accordingly, we hold that the trial judge did not err in admitting the certificate of analysis and the deputy sheriff's notes, and we affirm the judgment order.

Affirmed.