COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bumgardner and Retired Judge Brown*
Argued at Salem, Virginia


ROBERT ELVIN INGRAM
                                      MEMORANDUM OPINION** BY
v.   Record No. 2015-02-3            JUDGE JAMES W. BENTON, JR.
                                         SEPTEMBER 16, 2003
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF WYTHE COUNTY
                    J. Colin Campbell, Judge

           Deborah Caldwell-Bono for appellant.

           (Jerry W. Kilgore, Attorney General;
           H. Elizabeth Shaffer, Assistant Attorney
           General, on brief), for appellee.  Appellee
           submitting on brief.


     A police officer arrested Robert Elvin Ingram for driving

while intoxicated in violation of Code § 18.2-266.  The sole issue

on appeal is whether the officer violated Code § 18.2-268.6 when

he did not allow Ingram to keep the form, which explained the

procedure for an independent analysis of his blood after Ingram

had read and signed the form.  We hold that this action violated

the statute, and we reverse the conviction.

---

     * Retired Judge J. Howe Brown, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

     ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Ingram filed a motion to suppress evidence and dismiss the prosecution for the officer's failure to substantially comply with Code § 18.2-268.6. The evidence at the hearing proved that Virginia State Police Trooper Paul Savel saw a vehicle "weaving" on an interstate highway. After the trooper stopped the vehicle and approached it, he smelled a strong odor of alcohol about Ingram, the driver. The trooper asked Ingram to perform sobriety tests and arrested Ingram when he was unable to perform them satisfactorily. The trooper later took Ingram to a hospital where blood was drawn for a blood alcohol test.

At the hospital, the trooper handed Ingram his clipboard and a form titled, "Form Prescribing the Procedure to Obtain an Independent Analysis of Blood Sample and Lists of Laboratories Approved by the Division of Forensic Science." Ingram checked the box on the form beside the following words: "I do not now elect to have the second sample (in the BLUE box) sent for an independent analysis of alcohol, but acknowledge that I/my counsel may do so within 72 hours by advising the chief police officer as described in the instruction." The trooper testified that Ingram read the form, signed it, and returned it without asking questions. The trooper did not provide Ingram a copy of the form to retain.

At the conclusion of the hearing, the trial judge denied the motion to suppress. The trial judge later convicted Ingram

on his conditional guilty plea.  See Code § 19.2-254.  This appeal challenges the judge's ruling on the motion.

II.

Ingram contends the trooper failed to substantially comply with Code § 18.2-268.6 because he did not give a copy of the form to Ingram after Ingram read and signed it.  Ingram argues that the clear language of the statute required the trooper to give him the form to retain in order that he or his attorney could "writ[e] on the form provided hereinabove" and request an independent analysis.  We agree.

Following an arrest pursuant to Code § 18.2-266 and the taking of two vials of blood for testing, the Code specifies procedures for handling the blood.  See Code § 18.2-268.2.  At the time of these events, Code § 18.2-268.6 provided in pertinent part as follows:

> Immediately after taking possession of the second container, the officer shall give to the accused a form provided by the Division which sets forth the procedure to obtain an independent analysis of the blood in the second container, and a list of the names and addresses of laboratories approved by the Division.  The form shall contain a space for the accused or his counsel to direct the officer possessing the second container to forward it to an approved laboratory for analysis, if desired.  If the accused directs the officer in writing on the form to forward the second container to an approved laboratory of the accused's choice, the officer shall do so.
>
> If the accused does not direct otherwise on the form, the officer having

- 3 -

the second container shall deliver it to the chief police officer. The chief police officer, upon receiving the container, shall retain it <u>for a period of seventy-two hours</u>, during which time <u>the accused or his counsel may, in writing on the form provided hereinabove, direct the chief police officer to mail the second container to the laboratory the accused has chosen from the approved list</u>.[1]

(Emphasis and footnote added).

"In this Commonwealth, courts are required to apply the plain meaning of statutes, and we are not free to add language, nor to ignore language, contained in statutes." <u>Signal Corp. v. Keane Federal Systems, Inc.</u>, 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003). Applying this principle of statutory construction, we held in <u>Artis v. City of Suffolk</u>, 19 Va. App. 168, 450 S.E.2d 165 (1994), that "[m]erely showing the form to an accused at the time a blood sample is taken is insufficient to comply with the requirement of the statute that ['the officer shall give'] the form . . . to the accused." <u>Id.</u> at 170, 450 S.E.2d at 166. In ordinary parlance, "give" means "to confer the ownership of without receiving a return" or "to put in possession of another for his use." <u>Webster's Third New International Dictionary</u> 959 (1993). Requiring the accused to read, sign, and return the

---

[1] In 2003, the legislature amended this section to provide a substantially different method for obtaining an independent analysis of the blood. <u>See</u> 2003 Va. Acts of Assembly, chs. 933, 936.

form does not satisfy the statutory mandate to "give to the accused" the form.

In addition to the plain meaning of the statute, the statutory scheme clearly contemplates that the accused will retain possession of a form because it provides that within seventy-two hours "the accused or his counsel may, in writing, on the form provided hereinabove, direct the chief police officer to mail the second container [of blood] to the laboratory the accused has chosen from the approved list." Code § 18.2-268.6 (emphasis added). The practical consequences of the legislative intent also support this conclusion. The notice the form conveys to a person who is accused of being impaired will have little meaning if that person is not allowed to retain a form specifying the procedure. The form contains a list of laboratories and addresses that few people are likely to absorb and retain upon a mere reading. Without a copy of the form, neither the accused nor his counsel will have the means to give the chief police officer notice within seventy-two hours in the statutorily required manner.

As in Artis, the trooper's failure to give the accused a form for his use affected his substantive rights.

> [T]he failure to comply with that
> requirement of the statute negates the
> possibility of "substantial compliance."
> Provision for the independent analysis
> designation form is intended to safeguard
> the right of an accused to seek an
> independent analysis of his blood. Having

- 5 -

> held that merely showing the form to the
> accused is insufficient to accomplish the
> requirements of Code § 18.2-268.6, it is
> self-evident that this safeguard has not
> been achieved in actuality or in substance.
> Accordingly, [the Commonwealth has not]
> substantially complied with the requirements
> of the statute.

19 Va. App. at 171, 450 S.E.2d at 167.

For these reasons, we reverse the conviction and dismiss the charge.

Reversed and dismissed.

Bumgardner, J., dissenting.

I dissent.  The trooper gave the defendant a proper form on which to make his election for an independent test.  The defendant made the election on the form and returned it.  I do not believe the trooper was required to give the defendant another form in case he changed his mind.