COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


WILLIAM BASCOM HENRY

                                                    OPINION BY
v.       Record No. 3243-03-3          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    JANUARY 11, 2005
COMMONWEALTH OF VIRGINIA/
 CITY OF BRISTOL


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Charles B. Flannagan, II, Judge

Robert M. Galumbeck (Galumbeck, Necessary, Dennis & Kegley,
on brief), for appellant.

Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


William Bascom Henry (appellant) was convicted in a bench trial of driving under the

influence of alcohol in violation of Code § 18.2-266.  The sole issue on appeal is whether the trial

court erred in admitting the breath analysis results into evidence when the breath testing equipment

was not stored in compliance with 6 VAC 20-190-40.  For the reasons that follow, we affirm the

conviction.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

The facts of this case are not in dispute.[1]  On August 18, 2002 appellant was arrested for driving under the influence of alcohol in the City of Bristol.  He was administered a breath analysis test at the sheriff's office using the Intoxilyzer 5000 breath analysis machine (the machine).  His blood alcohol content registered 0.16.  At a pretrial hearing, appellant moved to suppress the breath analysis result on the basis that the machine was not properly located in compliance with 6 VAC 20-190-40.  At the time of appellant's test, the machine was housed in a secure area between the entrance to the jailor's office and another sheriff's office.  It was not in a partitioned space and was plugged into the same outlet as a copying machine.  A desk and a fingerprinting machine were located directly across from the machine.  Other sheriff's office employees used the hallway and the copying machine.  The area could not be entered without a jailor allowing the access.  Members of the public also used the hallway to access employee offices, as did inmates who cleaned the offices and lobby area, but only if accompanied by a sheriff's office employee.

Danny Hager (Hager), an employee of the Division of Forensic Science, repaired and maintained the machine at the Bristol Sheriff's office.  He testified that the machine is self-correcting and aborts the test automatically if it fails to function properly.  Under these circumstances, the machine will inform the operator of its inability to provide an accurate result.  Hager testified that, because of this feature, even if the machine was improperly stored, its results would be accurate.

The trial court denied appellant's motion to suppress.  It found that the machine was not properly stored pursuant to 6 VAC 20-190-40 even though the Department of Criminal Justice Services had approved the placement.  However, the trial court concluded "that the [location of the machine] is procedural and not substantive and in the absence of evidence that its location may have

---

[1] In lieu of a transcript, the parties submitted an agreed statement of facts.

affected the accuracy of the test results, the test results will not automatically be excluded from evidence." Appellant was convicted of driving under the influence, and he appeals that conviction.

## II. ANALYSIS

Appellant concedes that if the breath test results were properly admitted into evidence, they would be sufficient to convict him of driving under the influence. He contends, however, that the results are inadmissible because the machine was not stored in compliance with 6 VAC 20-190-40, and the savings clause of Code § 18.2-268.11 is inapplicable to a breath test analysis. We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). "In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo*.'" Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)). "[W]e consider all relevant provisions of a statute and do not isolate particular words or phrases." Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002) (citations omitted). "[A] statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992) (citations omitted).

Code §18.2-268.9 governs the admissibility of the breath test results and provides, in pertinent part:

> To be capable of being considered valid as evidence . . . chemical analysis of a person's breath shall be performed by an individual possessing a valid license to conduct such tests, with a type of equipment and in accordance with methods approved by the

Department of Criminal Justice Services, Division of Forensic Science. The Division shall test the accuracy of the breath-testing equipment at least once every six months.

The methods approved by the Department of Criminal Justice Services, Division of Forensic Science, are set out in part in 6 VAC 20-190-40, as follows:

The breath test device must be stored in a clean, dry location that is only accessible to an authorized licensee for the purpose of actually administering a breath test, preventative maintenance check, or other official uses.

Because the machine was located in a hallway of the sheriff's department accessible to those other than authorized licensees, we agree with the trial court's conclusion that the equipment was not stored in strict compliance with 6 VAC 20-190-40. Therefore, we now address the issue of substantial compliance.

Code § 18.2-268.11 provides, in pertinent part:

The steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood *or breath samples* are procedural and not substantive. *Substantial compliance shall be sufficient.* Failure to comply with any steps or portions thereof . . . shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, *and that as a result his rights were prejudiced.*

(Emphasis added). We also note that 6 VAC 20-190-20 specifically provides a substantial compliance standard when analyzing the instant scenario:

These regulations and the steps set forth herein relating to the taking, handling, identification and disposition of breath samples, the testing of such samples, and the completion and filing of any form or record prescribed by these regulations are procedural in nature and not substantive. Substantial compliance therewith shall be deemed sufficient.

Reading Code § 18.2-268.9, 6 VAC 20-190-40, and Code § 18.2-268.11 together, we conclude that, in the absence of a showing of prejudice by the appellant, substantial compliance is

sufficient for the admission of the test results.  See Cutright v. Commonwealth, 43 Va. App. 593, 600-01, 601 S.E.2d 1, 10-11 (2004); Rollins, 37 Va. App. at 80, 554 S.E.2d at 103; Snider v. Commonwealth, 26 Va. App. 729, 732, 496 S.E.2d 665, 666 (1998).  To treat the breath test differently than the blood test in the application of Code § 18.2-268.11 would "lead to an absurd result" not intended by the legislature.  Therefore, the sole issue remaining before us is whether the police substantially complied with the applicable breath test methodology.  We hold that they did.

No evidence established that the police failed to comply with any of the regulations governing the "taking, handling, identification and disposition of breath samples" set out in either the Virginia Code or the Virginia Administrative Code, other than the improper placement of the breath analysis machine.  The failure to comply with this procedure alone does not prohibit the officers' actions from meeting the substantial compliance standard in the instant case.  The evidence demonstrates that the machine has a self-correcting mechanism that informs the test administrator when it cannot provide an accurate result.  The machine gave no such warning in this case.  There is no allegation that the machine was tampered with or that the results were incorrect.  Appellant failed to otherwise demonstrate, and in fact there is no allegation, that the results of the breath test were inaccurate, or that the failure to comply with the storage methods prejudiced his rights.  We therefore hold that the trial court did not err in admitting the breath test results pursuant to Code § 18.2-268.11.

Accordingly, we affirm the judgment of the trial court.

Affirmed.