COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, McClanahan and Senior Judge Willis
Argued at Salem, Virginia


FRANK GLADING SHELTON
                                                              OPINION BY
v.        Record No. 0585-04-3              JUDGE ELIZABETH A. McCLANAHAN
                                                          FEBRUARY 22, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                              Charles M. Stone, Judge

               Eric Helms Monday for appellant.

               Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
               Attorney General, on brief), for appellee.


       Frank Glading Shelton appeals a conviction for operating a motor vehicle upon a public

highway while under the influence of alcohol or drugs (DUI), in violation of Code § 18.2-266.

He contends that the trial court erred in admitting into evidence the certificate of blood analysis.

For the reasons that follow, we affirm the trial court.

                                    I.  BACKGROUND

       Shelton was stopped by Officer R. Ratcliffe of the Martinsville Police Department for

speeding.  When Ratcliffe approached Shelton's vehicle he "immediately smelled an odor [of]

alcoholic beverage."  Ratcliffe asked Shelton to step out of the vehicle to ascertain whether the

alcoholic odor was emanating from Shelton or from the vehicle.  Ratcliffe observed that Shelton

had bloodshot eyes and slurred speech.  Until Ratcliffe called for backup assistance, Shelton

refused to exit the vehicle.  When Shelton exited the vehicle, Ratcliffe determined that the

alcoholic odor was coming from Shelton.  Shelton admitted that he had consumed alcohol.

Ratcliffe conducted several field sobriety tests, most of which Shelton failed.  Ratcliffe then

asked Shelton to submit to a preliminary breath test, to which Shelton agreed. Based on the results, Shelton was arrested for driving under the influence.

After reading the implied consent law to Shelton, Ratcliffe transported Shelton to a facility in Henry County and gave him an Intoxilyzer breath test. The result was 0.14. Ratcliffe showed the result of the test to Shelton, but did not provide him a copy of the test certificate.

At trial, Shelton objected to the introduction of the test result into evidence on the grounds he was not provided a copy of the test result as required by Code § 18.2-268.9. The Commonwealth argued that it had substantially complied with the statute. The court deferred ruling on the objection. In a letter opinion, the court overruled Shelton's objection and admitted the breath test result. The court stated,

> since the breath test procedure does not contemplate the defendant having his breath sample analyzed by an independent party, then the fact that he has been shown the result but not actually given a paper copy of the result can hardly have any effect on his substantive rights at trial.

Shelton was found guilty of driving under the influence. He was ordered to pay a $300 fine, which was suspended on the condition that he complete the Virginia Alcohol Safety Action Program (VASAP), and his operator's license was suspended for one year. Shelton was permitted to obtain a restricted operator's license.

## II.  ANALYSIS

"The admissibility of evidence is within the broad discretion of the trial court, and will not be disturbed on appeal in the absence of an abuse of discretion." James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994) (citation omitted). A trial court abuses its discretion if it makes an error of law. Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 440-41 (1998).

Code § 18.2-268.9 governs the part of the implied consent law that addresses breath-test validity and the use of test results as evidence. It states, "a copy of the certificate shall be promptly delivered to the accused." Shelton argues that even though Ratcliffe showed him the breath test result, his failure to provide him with a copy of the result is fatal to its admission as evidence. Shelton relies on Artis v. City of Suffolk, 19 Va. App. 168, 450 S.E.2d 165 (1994), in which this Court reversed a DUI conviction for an officer's failure to provide a defendant with an independent analysis designation form.

The Commonwealth relies on Code § 18.2-268.11, which allows substantial compliance with the requirements of Code § 18.2-268.9. Code § 18.2-268.11 reads:

> The steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

Code § 18.2-268.9 is specifically incorporated into Code § 18.2-268.11. Thus, the only question here is whether the trial court erred in admitting the evidence when there was a technical violation of the statutory procedure required by Code § 18.2-268.9.

In Code § 18.2-268.11, the legislature has clearly indicated that strict compliance with some provisions of the implied consent law is not required for the admissibility of evidence under that law. Snider v. Commonwealth, 26 Va. App. 729, 732, 496 S.E.2d 665, 666 (1998); see Henry v. Commonwealth, 44 Va. App. 702, 607 S.E.2d 140 (2005). "The DUI statutes nowhere provide for a suppression remedy for procedural violations." Cutright v. Commonwealth, 43 Va. App. 593, 600, 601 S.E.2d 1, 4 (2004). "[T]he legislative remedy for a *procedural violation* is not suppression of the evidence, but a full and fair opportunity for both

sides to attempt to prove or disprove any prejudicial effect of the violation." Id. at 600-01, 601 S.E.2d at 4 (emphasis in original).

The parties do not dispute that the breath test result was shown to Shelton. Shelton has not suggested, nor has he provided any evidence to show, that the test result was inaccurate. Shelton has not shown how noncompliance with the procedure may have deprived him of access to exculpatory evidence or how it may have prejudiced his rights. We agree with the trial court, which stated,

> since the breath test procedure does not contemplate the defendant having his breath sample analyzed by an independent party, then the fact that he has been shown the result but not actually given a paper copy of the result can hardly have any effect on his substantive rights at trial.

If a DUI defendant is "afforded the opportunity *to view* the print-out of the blood-alcohol reading taken by the breathalyzer machine, the requirements of . . . Code § 18.2-268.9 [are] met." Rasmussen v. Commonwealth, 31 Va. App. 233, 240, 522 S.E.2d 401, 404 (1999) (emphasis added). Because, as we noted in Rasmussen, the evidence not made available to the defendant was inculpatory rather than exculpatory in nature, the rationale underlying our decision in Artis is inapplicable.

With regard to substantial compliance, the Supreme Court of Virginia has stated that "a minor, trivial difference can be tolerated whereas a material difference cannot." Akers v. James T. Barnes of Washington D.C., Inc., 227 Va. 367, 370, 315 S.E.2d 199, 201 (1984). The Supreme Court has also noted, "the principle of substantial compliance, which is predicated upon a failure of strict compliance with applicable requirements, operates to replace the protective safeguards of specificity with a less exacting standard of elasticity, in order to achieve a beneficial and pragmatic result." Coleman v. Pross, 219 Va. 143, 158, 246 S.E.2d 613, 622 (1978). Although that Court was writing in another context, we have applied this language to the

- 4 -

substantial compliance provision of the implied consent law.  <u>See</u> <u>Rollins v. Commonwealth</u>, 37 Va. App. 73, 81, 554 S.E.2d 99, 103 (2001); <u>Snider</u>, 26 Va. App. at 733, 496 S.E.2d at 667.  We have even applied substantial compliance in cases where the statutory violation may have affected the reliability of the test results.  <u>See</u> <u>Snider</u>, 26 Va. App. at 731, 496 S.E.2d at 665; <u>Hudson v. Commonwealth</u>, 21 Va. App. 184, 186, 462 S.E.2d 913, 914 (1995); <u>Shoemaker v. Commonwealth</u>, 18 Va. App. 61, 64, 441 S.E.2d 354, 356 (1994); <u>Kemp v. Commonwealth</u>, 16 Va. App. 360, 365-66, 429 S.E.2d 875, 878-79 (1993).  Because substantial compliance is a sufficiently strict standard when reliability is at issue, it is certainly a sufficiently strict standard when a minor, procedural violation is at issue.

## III.  CONCLUSION

Shelton was afforded the opportunity to view the results of the breath test.  Therefore, the requirements of Code § 18.2-268.9 were substantially met.  The violation that Shelton complains of is minor, trivial, and nonmaterial.  The trial court did not abuse its discretion by admitting the breath test results.  We affirm Shelton's conviction.

<u>Affirmed.</u>