COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Friedman, Lorish and Chaney
Argued at Salem, Virginia


JENNIFER LYNN WILLIAMS
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1291-23-3                      JUDGE FRANK K. FRIEDMAN
                                                    MAY 28, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Timothy W. Allen, Judge

Mark T. Williams (Williams & Light, on brief), for appellant.

Kelly L. Sturman, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Jennifer Lynn Williams appeals her conviction for driving under the influence with a blood

alcohol content between 0.15 and 0.20 grams per 210 liters of breath, in violation of Code

§§ 18.2-266 and -270.  She argues that the trial court erred in admitting the certificate of analysis

from her breath test into evidence because the operator failed to comply with the requirements of

Code § 18.2-268.9.  Finding no error, we affirm the trial court's judgment.

BACKGROUND

On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On December 26, 2022, Virginia State Trooper Gregory arrested Williams for driving under the influence (DUI) and transported her to the jail for a breath analysis.[1] Trooper Gregory administered the breath test to Williams using an ECIR intoxilyzer machine. Following the required 20-minute observation period, Williams blew into the machine and supplied a sufficient sample of breath. Williams stood on Trooper Gregory's right side within arm's reach of the machine when it displayed a result showing blood alcohol content (BAC) of 0.20. Trooper Gregory testified that he verbally confirmed the results of the test with Williams.

When the machine tried to print the result, the paper alignment was off, and the information did not display in the correct boxes on the certificate of analysis form. Trooper Gregory threw away that first, misaligned printed result. He attempted to reprint it, but it misaligned again. Trooper Gregory testified that fixing the printer required him to get on his knees under the machine, and he did not want to do that for safety reasons. Instead, Trooper Gregory took Williams in front of the magistrate to continue the charging process, intending to go back and fix the printer issue and provide Williams a printed copy afterward. Williams was charged with driving under the influence with a BAC between 0.15 and 0.20.[2]

Right after the magistrate issued the warrant to hold Williams, Trooper Gregory was dispatched to another call involving a fight. He decided to respond to that disturbance and planned to provide Williams a proper printout of the certificate of analysis after he returned. When he

---

[1] Williams did not contest at trial that she was guilty of driving under the influence of alcohol under Code § 18.2-266.

[2] The enhanced BAC provision adds five days of mandatory incarceration if convicted. *See* Code § 18.2-270.

arrived back at the jail an hour and a half later, he fixed the machine and printed the results. However, Williams had already been released from the jail.[3]

The certificate of analysis form asks the operator to check a box indicating either that the arrestee received a copy and signed the form or that the arrestee refused to sign for a copy of the certificate. Confused as to which box to check, Trooper Gregory opted for the "refused" box. On a second copy he intended to provide Williams, he wrote above the checked box that she truly had not refused to sign, but that she did not have a chance to receive a copy due to the printer issue. Trooper Gregory then attached his printout copy of the certificate to the court paperwork. The results of that certificate confirmed a BAC of 0.20. Williams first received a copy of the certificate from her counsel in the general district court.

At trial, on appeal of her DUI conviction in the general district court to the circuit court, Williams conceded that she was guilty of driving under the influence but argued that the certificate of analysis of the breath test was not admissible.[4] She asserted that because Trooper Gregory did not comply with a requirement of Code § 18.2-268.9 by failing to give Williams a printed copy of the certificate at the time of the test, the trial court should exclude the certificate and therefore strike the sentencing enhancement applicable to a BAC of .20. The Commonwealth argued that Trooper Gregory's actions amounted to "substantial compliance" with the procedural requirements and that the breath test result was therefore admissible under Code § 18.2-268.11. The trial court agreed with the Commonwealth and found Williams guilty of the enhanced BAC while driving under the

---

[3] When Williams was released from the jail, she signed a recognizance form that listed her offense as driving under the influence with a "BAC .15-.20%."

[4] Trooper Gregory, who administered the breath test, testified at trial, without objection, that the result of the test revealed Williams had a BAC level of 0.20.

influence and sentenced her to 30 days' incarceration with 25 days suspended, the minimum amount

of incarceration required by statute.[5]  Code § 18.2-270.  This appeal followed.

ANALYSIS

Williams argues that the trial court erred in admitting the certificate of analysis reflecting the

breath test result.  "Appellate courts review a circuit court's ruling on the admissibility of

evidence under an abuse of discretion standard."  *Davenport v. Util. Trailer Mfg. Co.*, 74

Va. App. 181, 206 (2022) (citing *Thomas v. Commonwealth*, 279 Va. 131, 168 (2010)).  "A court

always abuses its discretion when it makes an error of law."  *Id.*

A defendant arrested for driving under the influence must submit to a breath test to

determine their blood alcohol content.  *See* Code § 18.2-268.2.  "If the equipment automatically

produces a written printout of the breath test result, the printout, or a copy, shall be given to the

accused."  *Id.*  Relatedly, "[a] copy of the certificate shall be promptly delivered to the accused."

Code § 18.2-268.9.  These requirements are "procedural and not substantive," however, and

"[s]ubstantial compliance shall be sufficient."  Code § 18.2-268.11.

> Failure to comply with any steps or portions thereof shall not of
> itself be grounds for finding the defendant not guilty, but shall go
> to the weight of the evidence and shall be considered with all the
> evidence in the case; however, the defendant shall have the right to
> introduce evidence on his own behalf to show noncompliance with
> the aforesaid procedures or any part thereof, and that as a result his
> rights were prejudiced.

*Id.*  The "substantial compliance" rule applies to the admissibility of a breath test when the

operator fails to provide a printed copy as set forth in Code § 18.2-268.9.  *See Shelton v.*

*Commonwealth*, 45 Va. App. 175, 179-80 (2005).  "[T]he principle of substantial compliance,

which is predicated upon a failure of strict compliance with applicable requirements, operates to

---

[5] The trial court suspended the execution of that sentence during the pendency of this
appeal.

replace the protective safeguards of specificity with a less exacting standard of elasticity, in order to achieve a beneficial and pragmatic result." *Id.* at 180 (quoting *Coleman v. Pross*, 219 Va. 143, 158 (1978)). "[T]he legislative remedy for a *procedural violation* is not suppression of the evidence, but a full and fair opportunity for both sides to attempt to prove or disprove any prejudicial effect of the violation." *Id.* at 179 (quoting *Cutright v. Commonwealth*, 43 Va. App. 593, 600-01 (2004)).

In *Shelton*, this Court held that a breath machine operator substantially complied with the breath test requirements when the officer showed Shelton the results but did not provide him a printed copy. *Id.* at 177. We agreed with the trial court in that case that "the fact that [Shelton was] shown the result but not actually given a paper copy of the result can hardly have any effect on his substantive rights at trial." *Id.* at 180. The violation was therefore "minor, trivial, and nonmaterial." *Id.* at 181.

Williams argues that she was prejudiced by the failure to give her a copy of the printout because of the enhanced punishment charged in the warrant. But there is a difference between the prejudicial effect of evidence being admitted at trial and a delay in receiving inculpatory evidence. She presents no argument that receiving the paperwork in discovery rather than at the time of the test prejudiced her ability to defend herself at trial. The enhanced BAC is the prejudice Williams complains of, not the delay in receiving a copy of the breath test printout.

Under the substantial compliance statute, Williams was permitted to present evidence that she was prejudiced by the procedural failure, but she presented none at trial. Williams had notice of her elevated BAC when Trooper Gregory verbally confirmed the results, and when she was charged with having a BAC level between 0.15 and 0.20. She also conceded at trial that Trooper Gregory's explanation for why she did not receive a copy was "exceedingly reasonable" with no evidence of bad faith. Thus, just as in *Shelton*, the procedural violation in this case is "minor,

trivial, and nonmaterial." 45 Va. App. at 181. We do not disturb the trial court's finding that Trooper Gregory substantially complied with the statutory requirements and that the certificate of analysis was admissible.[6]

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*

---

[6] We further note that, even if the trial court erred in admitting the certificate of analysis, any error was harmless, where Trooper Gregory testified, without objection, that Williams' BAC level was 0.20. *See* Code § 8.01-678.